ELLIS, Judge:
This is an appeal by Miss Lillie Mae Jarrell from a ruling of the Civil Service Commission by virtue of which she was found in violation of certain provisions of the Civil Service Amendment and Civil Service Rules and suspended without pay from her position at Southeast Louisiana Hospital for thirty days.
On September 6, 1968, an anonymous letter was received by the Director of Personnel of the State Department of Civil Service, which set forth the fact that Mrs. Penny S. Taylor was not working in her proper classification, or qualified to do the work she was doing. The minutes of the Civil Service Commission of December 18, 1968, contain a resolution to hold an investigative hearing on the matter, because of a report from the Director that various persons involved in this case might have violated the Civil Service Amendment and Rules.
By letter dated January 14, 1969, Miss Jarrell was notified that the hearing was to be held on February 4, 1969, and that the specific charges against her were as follows:
“Specifically, it is alleged that as the Supervisor of Mrs. Penny S. Taylor you have carried her on your records as occupying an Attendant 1 position in the Medical Nursing Service Section of the Southeast Louisiana State Hospital, with knowledge that Mrs. Taylor has in fact been performing clerical duties under your supervision in the Administrative Services Section of the Hospital. It is further alleged that you failed to report this information to the Department of Civil Service as contemplated by the provisions of Civil Service Rule 14.1.1(f).”
Subsequently, at the request of another party respondent, the hearing was continued until April 1, 1969, on which date it was held.
The hearing in this case was held pursuant to the provisions of Article XIV, Section 15(0) (4) of the Constitution of 1921, which provides:
“The State and each City Civil Service Commission may, at any time, upon its own initiative, investigate any violation by any person of the provisions of this Section, and shall upon the filing of written charges by any person of such a violation within one year after the alleged violation, investigate such charges. Within ninety days after the filing of charges as herein provided, the Commission shall hold a public hearing concerning the charges. If the appropriate Commission, after public hearing in an investigation instituted either on its own initiative or after charges, shall determine that the person or persons under inquiry have violated any of the provisions of this Section, the appropriate Commission is empowered, in its discretion, to direct the appointing authority having power and supervision over any offending officer or employee in the *52 State or City Service, as the case may be, forthwith to suspend without pay for a period of time designated by the Commission or to dismiss such officer or employee, and such officer or employee shall be suspended or dismissed as directed by the Commission.”
At the hearing, Miss Jarrell filed exceptions of prescription and peremption, based on the failure of the Commission to hold its hearing within ninety days of the receipt of the anonymous letter, which she has characterized as a written charge; and alternatively, on the failure of the Commission to hold a hearing within ninety days of the adoption of its resolution of December 18,1968.
We do not believe the exceptions to be well founded. Certainly a letter from an anonymous informant cannot be considered as a written charge, under the Constitutional provision. There was therefore no necessity for a hearing within ninety days of the receipt of that communication.
A hearing was fixed within ninety days of the resolution of the Commission to hold an investigative hearing. It was continued at the request of a party other than Miss Jarrell, and she made no objection thereto. We think that the requirement that a hearing be held within ninety days is mandatory, not directory, but we can see nothing to prevent a continuance of a hearing at the request of the parties thereto, or of less than all of them, if there is no objection by the remaining parties. Boucher v. Doyal, 210 So.2d 75 (La.App. 1 Cir. 1968).
After the hearing, the Commission made the following findings of fact:
“We find that Penny Taylor filed two applications for Clerk 1 on which she shows that she graduated from high school. This is not true. Lacking a high school education she did not and does not now meet the minimum requirements for Clerk 1.
“Lillie Mae Jarrell, Vernon Smith and Wayne Wascom knew that Taylor was •not a high school graduate and that she was not qualified for Clerk 1 at the time she filed her application, and that she failed to pass her Clerk 1 examination.
“We find, moreover, that Mrs. Taylor was given three job appointments and a probational appointment as Attendant 1 when in fact she never worked as an Attendant and was assigned exclusively to clerical duties in the Administrative Section, duties for which she was not qualified. Her assignment was made by Wayne Wascom, the former business manager, and condoned by Vernon Smith, who was the acting business manager. Smith also prepared untrue SF-1 forms. Lillie Mae Jarrell allowed herself to be represented as Mrs. Taylor’s supervisor, knowing that Mrs. Taylor was not filling the position of Attendant 1 and knowing that Mrs. Taylor was not qualified for the clerical job she was in fact filling.
“Jay Washauer became the business manager of the hospital after Wascom’s departure. The evidence is less than convincing that he was aware of the subterfuge and the falsification of the records.”
Under the law, we are without authority to consider the findings of fact of the Commission so long as there is any evidence contained in the record to substantiate such findings. Robbins v. New Orleans Public Library, 208 So.2d 25 (La. App. 4 Cir. 1968). However, in this case, there is no evidence whatsoever in the record to support the finding of fact that Miss Jarrell “allowed herself to be represented as Mrs. Taylor’s supervisor.” Persons other than Miss Jarrell are represented as Mrs. Taylor’s supervisor on the various forms and documents filed in the record, and the testimony of the various witnesses is to the effect that Miss Jarrell was not Mrs. Taylor’s supervisor. In this respect, therefore, the findings of fact, as they relate to Miss Jarrell, are erroneous. *53 Hays v. La Wild Life & Fisheries Commission, 243 La. 278, 143 So.2d 71 (1962).
Under the Civil Service Rules, every respondent in an investigative hearing such as this one is entitled to notice of the matters under investigation. If there is to be any enlargement of the matters under investigation, the respondent is entitled to notice thereof, and given an opportunity to reply thereto. Rule 16.6(c). Since no such additional notice was given to Miss Jarrell, the matters for which she may be disciplined are limited to those set forth in the letter of January 14, 1969.
The conclusions reached by the Commission, as the relate to Miss Jarrell, are as follows :
“Having made the findings of fact outlined above we hold that the charges made against * * * Miss Jarrell * * * are well founded * * * Miss Jarrell has violated Paragraph [L] (1) (b) Section IS, Article XIV of the Constitution, and Rule 14.1.1(f) of the Civil Service Rules.
* * * * >{«
“In the opinion of this Commission, the principal perpetrators of the violations under investigation were Mrs. Taylor and Mr. Wascom. Mr. Smith and Miss Jarrell were incidental participants. However, they bear a responsibility and each is suspended without pay for 30 days.”
The finding of the Commission that Miss Jarrell violated Article XIV, Section 15(1) (b) of the Constitution is incorrect as a matter of law. This section provides for the adoption of a classification plan by the Commission, and allocations of positions thereunder by the Director of Personnel. It imposes no duty on any other employee in the Civil Service. Since Miss Jarrell has no duty or obligation thereunder, she cannot be found in violation thereof.
Miss Jarrell was not charged in the letter with knowledge that Mrs. Taylor was not a high school graduate, so that any conclusion based on that finding of fact is without effect as to Miss Jarrell.
We therefore find that the only substantiated finding of fact which is relevant to the charges of which Miss Jarrell was notified is that she had knowledge that Mrs. Taylor was “not filling the position of Attendant 1.”
The only conclusion reached by the Commission responsive to the charges against Miss Jarrell is that she violated Civil Service Rule 14.1.1(f).
Rule 14.1.1(f) reads as follows:
“It shall be the duty of every classified employee to assist the Commission and the Department of State Civil Service in the effective carrying out of the provisions of the Amendment and Rules and to answer truthfully, whether under oath or otherwise, all proper questions put to him by authorized representatives of the Department or the Commission.”
The Commission has apparently interpreted this as creating a duty on the part of every Civil Service Employee to report to the Department any violation of the Civil Service Amendment, Rules or Regulations of which he might become aware. It follows from the conclusion in this case that anyone who fails to do so is himself in violation of the law, and subject to discipline or dismissal.
We do not believe that such á broad interpretation of Rule 14.1.1(f) is proper. We doubt that it was intended that every employee in the Civil Service be an informer under penalty of dismissal or discipline, or that they be required to determine the legality or propriety of various actions which might be taken by their superiors.
In this case, Miss Jarrell did nothing except the paperwork she was required to do to carry out the actions of her superiors. She could hardly report to them the existence of a situation which they had created. The record further reveals that two auditors from the Civil Service Department knew about the mis-classification *54 of Mrs. Taylor as early as March, 1968, so notice to the Department after that date would have been pointless.
We note further that the findings of fact are fatal in another respect, in that it is not found that Miss Jarrell failed to report to the Department her knowledge that Mrs. Taylor was not working as an Attendant 1. This finding of fact is essential to a determination that Miss Jarrell violated Rule 14.1.1(f), even if it were given the interpretation apparently adopted by the Commission.
We note in passing that under Article XIV, Section 15(0) (4) of the Constitution, the Commission does not have the authority to suspend or dismiss an employee directly. It should direct the appointing authority to do so, and the appointing authority is obliged to do so.
We are of the opinion that the ruling of the Civil Service Commission is erroneous as a matter of law, and it is hereby reversed, and the 30 days suspension given Miss Jarrell is set aside. If the suspension has been implemented pending this appeal, she is entitled to be reimbursed for whatever pay she may have lost as a result thereof.
Reversed and rendered.