283 So.2d 537 (1973)
Grady E. FLOYD
v.
LOUISIANA WILDLIFE AND FISHERIES COMMISSION.
No. 9485.
Court of Appeal of Louisiana, First Circuit.
August 23, 1973.
Michael S. Ingram, Monroe, and Dennis R. Whalen, Baton Rouge, for appellant.
Peter E. Duffy, Metairie, for appellee.
Before SARTAIN, BLANCHE and WATSON, JJ.
BLANCHE, Judge.
Appellant, Grady E. Floyd, was a regular, permanent and classified employee of the Louisiana Wild Life and Fisheries Commission with the position of Wildlife Agent I. On January 29, 1969, he was arrested on charges of simple drunkenness and obstruction of a parish highway by the Louisiana State Police. As a result thereof, he was suspended by Clark M. Hoffpauer, the then Director of the Louisiana Wild Life and Fisheries Commission on the date of February 11, 1969, from duty and pay for a period of thirteen days, effective February 15, 1969. In the same letter notifying him of his suspension, he was further advised that any future misconduct on his part reflecting unfavorably on the department would meet with more strenuous disciplinary measures.
On July 22, 1971, appellant was found operating a vehicle owned by the State of Louisiana on Interstate Highway 20 in the vicinity of West Monroe by the West Monroe City Police and charged with the traffic violation of driving while intoxicated. As a consequence thereof, on July 30, *538 1971, another letter was addressed by the then Director of the Louisiana Wild Life and Fisheries Commission to appellant which confirmed a verbal suspension from duty and pay which had been previously meted out to him as a result of the incident by the Chief of the Enforcement Division. By this letter, appellant was specifically advised that his suspension was to be in effect "pending the investigation of charges placed against you in * * * West Monroe."
Final action was taken by the Director on October 28, 1971, when he informed the appellant in writing that he was removing him from his employment effective October 29, 1971, for the following reasons:
"(1) On the night of July 22, 1971, you drove a State owned vehicle under the influence of intoxicants. You were arrested by members of the West Monroe Police Department and charged with driving while intoxicated (DWI).
"(2) On January 29, 1969, you were arrested by the Louisiana State Police on a charge of simple drunkeness [sic] and simple obstruction of a public highway while in uniform and in a State vehicle." (Notice of Removal, Record, p. 2)
Thereafter, appellant sought and obtained a hearing before the Louisiana Civil Service Commission to protest his suspension and removal. On January 15, 1973, that body affirmed appellant's suspension and removal. From the action of the Louisiana Civil Service Commission, appellant perfects this appeal. We affirm.
The Commission found that Grady E. Floyd failed to bear the burden of disproving the charge against him which formed the basis of his discharge, i. e., the operation of a State vehicle while under the influence of intoxicants on July 22, 1971. It also found that the Wild Life and Fisheries Commission produced overwhelming evidence of the validity of the foregoing charge.
In Civil Service Commission appeals, the appellate court's review is restricted to questions of law, and the Commission's factual determinations are not to be disturbed if they are supported by any evidence. LSA-Const. Art. 14, Sec. 15(O)(1); Trotti v. Department of Public Safety, 234 So.2d 450 (La.App. 1st Cir. 1970).
However, appellant does not protest the reason for his suspension and removal on the findings of fact as stated by the Civil Service Commission in its written opinion of January 15, 1973, but does protest his being disciplined and punished twice for the same offense and conduct, contending that such action violates Rule 12.1 of the Civil Service Rules. That rule provides:
"An appointing authority may take appropriate action to remove, suspend, demote, reduce in pay, reassign or reprimand an employee for cause."
The above-stated rule forms the basis of appellant's argument that the limit of the Commission's authority to punish is by removing, or suspending, or demoting, or reducing in pay, or reassigning, or reprimanding an employee for cause and that it is prohibited from meting out a punishment which combines one or more of the foregoing methods. In other words, appellant argues that the appointing authority may punish and discipline an employee by suspension or removal, but it may not punish and discipline an employee by suspension and later removal for the same cause or reason. Assuming arguendo the validity of appellant's contention that he cannot be subjected to more than one of the sanctions of the above rule, the evidence convinces us that appellant was not, in fact, punished twice for the same offense.
We will now review the evidence in regard to this contention. From the aforesaid *539 factual recitation, it may be seen that on July 22, 1971, appellant did receive an indefinite suspension from duty and pay, which suspension began on July 29, 1971, and ended on October 29, 1971, ninety-three days later.[1] Thereafter, on October 28, 1971, he was removed from his position of employment effective October 29, 1971. Such removal is cited as being contrary to the above-quoted Civil Service Rule.
This Court has held that disciplinary action against a permanent employee is totally ineffective if it is not taken in conformity with Civil Service Commission Rules. Louviere v. Pontchartrain Levee District, 199 So.2d 392 (La.App. 1st Cir. 1967).
Civil Service Commission Rule 1.40 sets forth certain definitions applicable to the rules and defines the word "suspension" as follows:
"Suspension' means the enforced leave of absence without pay of an employee for disciplinary purposes, or during an investigation of alleged misconduct by the employee." (Emphasis supplied)
Thus, the crucial question for consideration is whether appellant's suspension of July 29, 1971, was for disciplinary purposes or for the purpose of investigating his alleged misconduct.
To support the contention that the suspension was disciplinary, appellant argues that the testimony of Colonel Mike L. Hogan, Chief of the Enforcement Division, clearly shows that the Commission had completed its investigation shortly after the suspension went into effect. We are also requested to consider, as evidence that appellant was disciplined for an uncharged offense, a letter by the Director to a State Senator who had intervened in the matter on appellant's behalf, which letter advised the Senator that appellant was not a good agent.
We are unimpressed with these arguments and are of the opinion that the true reason for appellant's suspension was as stated to him in the letter dated July 29, 1971, from the Chief of the Enforcement Division:
"* * * [Y]ou are hereby suspended pending further investigation in regards to charges now pending against you in the City of West Monroe, La." (Record, p. 26)
As the minutes of the West Monroe City Court reflect, appellant's arraignment was reset on two different occasions, and the trial was finally held on December 15, 1971, long after the ninety-day suspension permitted by Civil Service Rule 12.2(b) had expired. We are of the opinion that the disposition of the charges against appellant which were pending in the West Monroe City Court was a pertinent subject of the investigation, and the Commission was justified in leaving the investigation open with the view that the charges might be disposed of during the ninety-day suspension.
Therefore, we conclude that the contention that appellant was punished twice for the same offense, by suspension and removal, is without merit.
For the above and foregoing reasons, the decision of the Civil Service Commission is affirmed, at appellant's costs.
Affirmed.
NOTES
[1] Civil Service Rule 12.2(b) provides: "No suspension without pay shall exceed ninety (90) calendar days without the approval of the Commission." The Commission reinstated appellant's pay for the period of his suspension in excess of ninety days.