COVINGTON, Judge:
This matter was previously before us and we reversed and remanded so that an opportunity could be given to the appellant to re-urge his plea in mitigation of the penalty of dismissal before the Commission, and for the Commission to express itself following such argument on whether or not it chose to modify the penalty of dismissal imposed by the appointing authority, with the knowledge that it can do so if such modification is justified under the circumstances ; see Pendley v. Louisiana Division of Administration, 303 So.2d 554 (La.App. 1st Cir. 1974), and the authorities cited therein.
In conformity with our decree, the Commission caused the case to be returned to its agenda for argument on January 22, 1975.
Counsel for appellant was invited to, and did, make such argument as he wished in support of the plea for mitigation. On February 5, 1975, the Commission filed its opinion.
With reference to the Commission’s action on the rehearing upon remand, appellant states that rather than re-examining the evidence in light of the powers which this court stated that the Commission possesses, it merely stated that it “has reexamined its opinion of April 23, 1974, and concludes that no self-limitation of its authority to modify disciplinary action was stated therein”. Appellant contends that, by so doing, it disregarded the mandate of this court (the rehearing by the Commission suffering from some of the same defects which prompted the reversal and re *800 mand following the first hearing) thereby effectively denying the appellant the opportunity to re-urge his case before a fair and impartial tribunal, and depriving him of due process of law.
Specifically, in his appeal to this court, appellant urges that the Commission committed error in five respects, to-wit:
“I. The letter of dismissal dated November 6, 1973, contains several opinions on the part of the Dismissing Authority as to the impairment of effectiveness of Mr. Pendley as a Department Head of the Administration with no evidence whatsoever to support these statements of opinions.
“II. The Commission found, as a fact, that ‘Mr. Pendley’s effectiveness as a manager of such a large program in which a considerable amount of money was involved has been seriously impaired by the incidents which are referred to and which are conceded to be true’ with no evidence whatsoever to support such findings.
“HI. The Commission gave little or no weight to appellant’s position that any impropriety on his part, if any impropriety was shown, was more than outweighed by Mr. Pendley’s performance in his position.
“IV. The Commission erred in refusing to allow Mr. Pendley to place in evidence numerous opinions which were available at the date of the hearing as to his effectiveness, honesty, intregrity, and reputation for effective service to the State of Louisiana.
“V. The Commission erred in refusing to mitigate the penalty of dismissal and in refusing to modify the penalty of dismissal in line with the opinion of the Court of Appeal, First Circuit, State of Louisiana, dated November 12, 1974, in this matter.”
We find alleged errors numbered I and II to be without merit. Further, error number IV cannot be seriously urged by appellant because of the stipulations made by appellant’s counsel regarding what the witnesses would say if they were called to testify, Tr. p. 95.
As previously noted, we remanded this case to allow appellant a chance to re-urge his plea in mitigation and to give the Com-, mission a chance to modify the plea of dismissal imposed by the Division of Administration if said Commission felt said modification to be justified.
After the argument to the Commission its opinion was as follows:
“The Commission was not persuaded by the argument. The Commission adheres in toto to the views and conclusions expressed in its opinion of April 23, 1974.”
It further stated:
“The Commission recognizes its legal right, and indeed, duty, to modify disciplinary action taken by an appointing authority. In what it has determined to be appropriate situations, it has made such modifications.
“The Commission has received and considered the argument of appellant pursuant to directions of the Court of Appeal, and it has found nothing in that argument to cause it now to exercise its authority to modify the disciplinary action taken.”
We held in Floyd v. Louisiana Wildlife & Fisheries Commission, 283 So.2d 537 (La.App. 1st Cir. 1973) that, in a Civil Service Commission appeal, the appellant court’s review is restricted to questions of law, and the Commission’s factual determinations are not to be disturbed if they are supported by any evidence; LSA-Const. Art. 14, Sec. 15(0) (1); Trot *801 ti v. Department of Public Safety, 234 So.2d 450 (La.App. 1st Cir. 1970); In re Taylor, 233 So.2d 49 (La.App. 1st Cir. 1970).
We cannot say as a matter of law that the Commission did not give proper weight to the appellant’s position that any impropriety on his part was outweighed by his job performance, and we hold that no manifest error was committed by the Commission in refusing to mitigate the penalty.
For the above and foregoing reasons the decision of the Civil Service Commission is affirmed at appellant’s costs.
Affirmed.