452 So.2d 1180 (1984)
Arthur C. DALE
v.
FRENCH MARKET CORPORATION.
No. CA-1339.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1984.
Rehearing Denied July 24, 1984.
Salvador Anzelmo, City Atty., Harold D. Marchand, Asst. City Atty., New Orleans, for defendant-appellee, French Market Corp.
Arthur C. Dale, Jr., in pro. per.
Before WARD, CIACCIO and LOBRANO, JJ.
WARD, Judge.
This appeal presents the issue of whether the City of New Orleans proved that Arthur Dale was unable to perform his duties as a security officer for the French Market Corporation, an agency of the City. The French Market Corporation fired Dale because it believed Dale physically unfit, and Dale appealed to the City Civil Service Commission. After a hearing, the Commission upheld the action of the French Market Corporation and Dale has appealed to this Court.
The appointing authority, in this case the City through its agent, the French Market Corporation, must bear the burden of proving that its action was justified. La. Const. 1974, Art. 10, Sec. 8; Dept. of Public Safety v. Rigby, 401 So.2d 1017 (La.App. 1st Cir.1981). Once the Civil Service Commission finds the French Market Corporation has proved its case, the scope of our review is limited to a determination of whether the Commission's decision was manifestly erroneous. In this case, we hold that it was and we reverse.
The record of the Commission hearing, the basis of its ruling, does not support its conclusion that Dale was physically unfit. That record shows that on July 29, 1982, while on duty, Dale became dizzy, short of breath, and unable to continue work that day. He requested sick leave and the French Market Corporation granted it. Dale remained out on sick leave status until October 1, 1982 when his sick leave benefits were exhausted. Dale then requested annual leave, but his request was denied because of manpower shortages. The French Market Corporation ordered Dale to undergo a re-entry physical examination on October 11, and, in the same letter, ordered him to report for work on October 12. Although Dale had been under the care of Dr. Ignatius Tedesco for angina pectoris, he reported as ordered, to Dr. Thomas Campbell, the Civil Service Medical Examiner, for the re-entry physical. After taking Dale's medical history, Dr. Campbell briefly examined Dale, found he was slightly overweight and his blood pressure somewhat high, but not remarkable. Neither condition was disqualifying. Because he believed more information was necessary, Dr. Campbell called Dr. Tedesco and later spoke with him about Dale. After the conversation, Dr. Campbell concluded Dale was unfit to return to work, and he told the French Market Corporation that *1181 Dale was physically unfit to work. Dr. Campbell conceded that his conclusion was based solely on the opinion he received from Dr. Tedesco. After receiving Dr. Campbell's opinion, the French Market Corporation terminated Dale on October 14.
At the hearing, after several futile attempts to bring Dr. Tedesco to the Civil Service Commission to testify, both parties stipulated that Dr. Tedesco's testimony would be the same as the opinion he expressed in a letter to the City Attorney, and the letter was accepted in lieu of his testimony. Consequently, all parties agree Dr. Ignatius Tedesco's letter was determinative of the question of Dale's physical fitness. That letter says:
 DR. IGNATIUS TEDESCO, JR.
 3732 CANAL STREET
 NEW ORLEANS, LA. 70119
 January 22, 1983
Miss. Avis Russell
New Orleans, La.
 Re:Mr. Arthur Dale
Dear Miss. Russell:
This is to certify that Mr. Arthur Dale has been having Angina
Pectoris since before October 27, 1982. Patient had a normal
EKG on However, Angina Pectoris is only a symptom
of possible heart disease and not a definitive diagnosis.
He has been under treatment for Angina Pectoris and its possible
dire consequences.
If patient wants to continue working full time it is my opinion
that he should havefurther investigation into possible heart
disease. He should be admitted to the hospital and should have
a Stress test with Halter Monitor and complete Cardio Vascular
work. If all tests are within normal limits the patient can
resume his usual work.
 Sincerly yours,
 
 I. Tedesco, Jr., M.D.
 
In spite of what the City Attorney argues and what the Commission believes, the probative value of this letter is questionable. The French Market Corporation *1182 fired Dale on October 14, 1982, three months before the letter was written. Presumably, the letter is indicative of what Dr. Tedesco told Dr. Campbellbut that is not in the record, and we do not consider that as proven. Thus we are left with a record that does not even reveal the basis of Dr. Campbell's opinion. Nonetheless, even if we assume the letter is proof of what Dr. Tedesco told Dr. Campbell, Dr. Tedesco's letter simply cannot be interpreted as an opinion that Arthur Dale is physically unfit for employment as a security guard. Rather, the letter says further tests are needed to assure that Dale is physically fit to return to work.
There is no other evidence that Dale is physically unfit or incompetent. To the contrary, witnesses who appeared for the French Market Corporation all testified that before his illness Dale was a competent and reliable employee. If the French Market Corporation had evidence that Dale was incompetent because of his age or health, it did not produce it. And it is not for this Court to assume facts not in the record.
Hence, the Commission's finding that the French Market Corporation proved Dale physically unfit was manifestly erroneous.
IT IS ORDERED that the French Market Corporation reinstate Arthur Dale to his former position retroactive to October 14, 1982, with all pay and benefits from that date.
REVERSED AND RENDERED.