GARRISON, Judge.
The appellant, Richard Lewis, was employed as a laborer waste collector for the Department of Sanitation of the City of New Orleans. On June 25, 1984, the appellant was severely injured in an incident which occurred while he was off duty. These injuries resulted in a total loss of vision in the appellant’s right eye. He was granted leave without pay beginning on June 25, 1984. The appellant returned to work in August, 1984 but was informed by a letter dated September 21, 1984 that his employment with the Department of Sanitation was terminated. This action was taken in light of the fact that the Civil Service Medical Examiner declared the appellant unfit for continued employment. The appellant was advised in the letter that the Department of Sanitation had no discretion in this matter because the appellant’s continued employment with his partial loss of vision is prohibited by Civil Service regulations. The appellant appealed the decision terminating his employment to the Civil Service Commission.
After a hearing, the Civil Service Commission upheld the appellant’s dismissal and dismissed his appeal. In their reasons for judgment, the Commission stated that although the appellant is physically capable and ready to perform his duties, the testimony of the appointing authority established that the job duties in the position held by the appellant involve hazardous work on the streets and can frequently lead to accidents involving injuries or death. It was also concluded that appellant’s disability could threaten the safety of his fellow employees. Therefore, the Commission ruled that the action taken by the Department of Sanitation in terminating the appellant’s employment was reasonable and effectuates a legitimate and important consideration of the City, i.e. the safety of its employees. Appellant now appeals this decision of the Civil Service Commission.
In his first specification of error, the appellant claims that the City and the Civil Service Commission erred in applying the City’s medical standards which were allegedly applicable only to job applicants and not to established civil servants. The medical standards used in this case are entitled “General Medical and Physical Standards of Acceptance for Active Types of Work (Skilled and Semiskilled Laborers)”. Although the Civil Service Medical Examiner, Dr. Thomas Campbell, testified that these standards apply to incoming applicants, there is no indication in his testimony, in these standards or in the jurisprudence that suggests that these standards only apply to job applicants and not to established civil servants. The appellant seems to be advancing the theory that once an applicant satisfies the initial medical requirements and becomes a civil servant, a subsequent disabling injury cannot serve as grounds for his dismissal. This theory is unsupportable. These standards for employment for positions such as that formerly held by the appellant clearly state that a lack of vision results in a medical classification which renders the employee unfit for *613 employment. Therefore, this specification is without merit.
In appellant’s other specification of error, he claims that the Civil Service Commission erred in finding that the City met the standard of proof needed to sustain appellant’s dismissal. The scope of our review in this ease is limited to a determination of whether the Commission’s decision was manifestly erroneous. Dale v. French Market Corporation, 452 So.2d 1180 (La.App. 4th Cir.1984).
The record of the Commission hearing supports the conclusion that the appellant is physically unfit for employment as a laborer waste collector. Appellant has suffered a total loss of vision in one eye. Although otherwise physically able to perform his job duties, his continued employment with lack of sight in one eye presents a potentially dangerous situation. Appellant’s argument that he worked for one month with his disability and that no accidents occurred during that period is unpersuasive. The potential for danger was always present. The testimony at the hearing established the fact that good peripheral vision is essential for the type of work performed by laborer waste collectors. Because there is no manifest error in the Commission’s finding that appellant is physically unfit for employment, this specification of error is without merit.
Therefore, the ruling of the Civil Service Commission upholding appellant’s dismissal from employment is affirmed.
AFFIRMED.