490 So.2d 498 (1986)
Elinus P. NOEL
v.
DEPARTMENT OF SANITATION CITY OF NEW ORLEANS.
No. CA 4781.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1986.
*499 Avis Topps, New Orleans Legal Assistance Corp., New Orleans, for appellant.
Okla Jones, III, City Atty., Don Hernandez, Chief Deputy City Atty., and Harold D. Marchand, Asst. City Atty., New Orleans, for appellee.
Before CIACCIO and WILLIAMS, JJ., and HUFFT, J. Pro Tem.
CIACCIO, Judge.
Elinus Noel appeals from a decision of the Civil Service Commission which upheld his dismissal from employment, as a Laborer Waste Collector with the New Orleans Sanitation Department. We reverse the ruling of the Civil Service Commission.
The sole issue on appeal is whether the appointing auithority met its burden of proving that the plaintiff's absence from work, due to his incarceration, impaired the efficient operations of the Department and bore a real and substantial relation to the efficient operation of the Department.
Plaintiff was arrested on December 19, 1984 for an alleged armed robbery. He was advised of his termination, by letter of January 3, 1985, which indicated that he had violated Rule IX of the Rules of the Civil Service Commission, in that he was "unable" to perform his duties of employment for the period of time he was incarcerated. On January 24, 1985 Noel filed his appeal with the Civil Service Commission. On February 1, 1985 a second letter was forwarded to the plaintiff from the Department. In this letter he was advised that his termination was additionally being based upon the alleged falsification of his application for employment.[1] Following a hearing before the Civil Service Commission, the Commission reached the following conclusion:
Since Appellant was in jail for three weeks, there is no question he was unable to work. The Department of Sanitation has the authority to staff its force and should be able to count on the appearance of workers.2
2 That Appellant had fifteen days of annual leave coming to him presents only an after-the-fact excuse for his extensive absence. The issue here, as it was for the Appointing Authority, is whether the City was informed of Appellant's desire to avail himself of annual leave at the time of his absence, not whether Appellant can argue post hoc his annual leave should excuse his unexplained absence.
The plaintiff was accused of violating Rule IX of the Rules of the Civil Service Commission and of falsifying his application for employment. The plaintiff was terminated on January 3, 1985. He filed the appeal of his termination on January 24, 1985. As of the date of termination, or no later than date of filing appeal, the appointing authority had no further jurisdiction over the employee. It could not reinforce its original discharge letter by adding new grounds to the already completed discharge of the employee. The appointing authority would have had to reinstate the employee before regaining any authority over his status. Accordingly, the charges contained in the second termination letter should not have been considered by the hearing examiner and by the Commission in arriving at its decision. This was error and we will disregard any evidence offered in support of that allegation and give no effect to the Commission's findings regarding same.
*500 Rule IX Section 1.1 of the Rules of the Civil Service Commission provides:
Rule IX Section 1. MAINTAINING STANDARDS OF SERVICE
1.1 When an employee in the classified service is unable or unwilling to perform the duties of his/her position in a satisfactory manner, or has committed any act to the prejudice of the service, or has omitted to perform any act i[s] was his/her duty to perform, or otherwise has become subject to corrective action, the appointing authority shall take action warranted by the circumstances to maintain the standards of effective service....
A permanent employee may not be subjected to disciplinary action except for legal cause. La. Const. Art. 10 Sec. 8. Lombas v. Department of Police, 467 So.2d 1273 (La.App., 4th Cir., 1985). In such cases, the Appointing Authority must prove, by a preponderance of the evidence, the occurrence of the complained of conduct, that the conduct complained of impaired the efficiency of the public service and that it bore a real and substantial relation to the efficient operation of the public service in which the employee was engaged. Dale v. French Market Corp., 452 So.2d 1180 (La. App. 4th Cir. 1984); Reboul v. Department of Police, 420 So.2d 491 (La.App. 4th Cir., 1982).
In the case of Brown v. L.H.H.R.A., the Court discussed the criteria to be used in the case of an arrest of a public servant:
The mere arrest and incarceration of a classified employee is not per se legal cause for dismissal. It is necessary to consider the circumstances of the arrest and the needs of the employer to determine if sufficient cause for dismissal exists. Factors to be considered in relation to the impairment of job performance include, but are not limited to: the validity and ultimate disposition of the charges, the length or possible length of incarceration, and the degree of resulting notoriety. 346 So.2d 758 at 762 (La.App. 2nd Cir. 1977).
On appeal, the plaintiff contends that the appointing authority failed to prove that his absence due to incarceration impaired the efficient operation of the Sanitation Department and that it bore a real and substantial relation to the efficient operation of the Department. We agree.
At the hearing before the Commission the sole witness called to testify was the plaintiff, Elinus Noel.
Noel admitted that he was arrested, on December 19, 1984, for an alleged armed robbery. According to Noel, on the date of this incident, his wife contacted his employer to advise of her husband's incarceration. Due to an inability of the plaintiff's family to secure monies needed to post his bond, Noel was held in jail until January 3, 1985. Upon his release from jail Noel contacted his supervisor in an attempt to advise him of Noel's release and desire to return to his duties at work. He was, at that time, advised by Cecil McFarland, the Street Sanitation Superintendent, that he had been fired from his job.
The plaintiff also testified that at the time of his discharge he had 15 days of accrued annual leave and 6 days of accrued sick leave. He did not apply for use of his annual leave at the time of his incarceration because of his physical inability (i.e., presence in jail) to do so.
No other evidence was presented on this disciplinary charge against the plaintiff. The plaintiff filed into the record two letters of commendation from the Streets Sanitation Superintendent, dated April 14, 1983 and August 2, 1983, attesting to his exemplary work record and no evidence was offered by the City to indicate anything to the contrary.
Although the appointing authority showed that the plaintiff was away from his job from December 19, 1984 until January 3, 1985, without leave, it failed to prove that this inability to perform his job impaired the efficiency of the public service and bore a real and substantial relation to the efficient operation of the public service. Dale v. French Market Corp. supra; Reboul v. Department of Police, supra. The *501 defendant alleges in its brief that: "If a person is unable to make an appearance to work then that person has to be replaced with another employee, otherwise the work would not be done.... Oftentimes the Appointing Authority has to pay overtime to a person to substitute for the employee who was unable to work." However, no such evidence was presented at the hearing before the Commission. The allegations in the brief are not evidence and thus cannot be considered as evidence by this Court in making its decision.
Additionally, no evidence was presented to prove the validity of the charges against the plaintiff, their ultimate disposition, nor the degree of resulting notoriety and its adverse effect upon the Department. Brown v. L.H.H.R.A., supra Since these charges involved off-the-job conduct, there must be independent evidence presented to prove impairment of the service. See: Jones v. Louisiana Department of Highways, 259 La. 329, 250 So.2d 356 (1971).
We conclude, therefore, that the appointing authority has failed to meet its burden of proof in this disciplinary action. For this reason, the ruling of the Commission dismissing the plaintiff's appeal was manifestly erroneous. Bosarge v. N.O. Street Department, 459 So.2d 693 (La.App. 4th Cir. 1984).
For the reasons assigned, the ruling of the Civil Service Commission upholding the plaintiff's termination is reversed. Plaintiff, Elinus P. Noel, is reinstated as a Laborer Waste Collector with the New Orleans Department of Sanitation as of December 19, 1984 and he is to be accorded all the benefits which would have accrued to him had he never been dismissed. This reinstatement, with benefits, is subject to a credit and set off for any and all wages and salaries earned by the plaintiff in private employment during the period of separation. La.R.S. 49:113.
The defendant shall be responsible to pay all costs.
REVERSED.
NOTES
[1] In his application for employment, the plaintiff was asked whether he had ever been "convicted" of any crime other than a traffic offense. Plaintiff responded "No." He had however plead guilty to misdemeanor theft in 1979 and he was fined $200 and sentenced to two years probation.