WILLIAMS, Judge.
Loretta Taylor and Elaine Joseph who were employed by the Sewerage and Water Board as Equipment and Service Dispatchers were discharged for neglect of duty. Taylor and Joseph appealed their dismissal to the Civil Service Commission. The appeals were consolidated and, following a hearing on the matter the Commission affirmed the dismissals. Taylor and Joseph then sought judicial review of the Commission’s determination.
On the evening of January 11,1987, Taylor and Joseph were working the four to midnight shift in the Emergency Office of the Sewerage and Water Board. Their job was to handle calls and complaints received. At approximately ten o’clock that evening, the City of New Orleans, experienced a serious loss of water pressure which lasted about one hour.
Testimony at the Civil Service Commission hearing revealed that Hotel Dieu Hospital experienced a drastic decline in water pressure. After being alerted to the dangerous situation, George Pavlakis, Director of Physical Plant at Hotel Dieu, attempted to call the Sewerage and Water Board emergency number, but only got a busy signal. After several unsuccessful attempts to reach the emergency number, Pavlakis called the operator and requested assistance. Pavlakis testified that the telephone operator advised him “that nobody was on the phone, but the telephone was off the hook.” Pavlakis then called Harold Gorman, the Executive Director of the Sewerage and Water Board, at his home. Gorman’s efforts to get through to the Emergency Desk also failed and, like Pav-lakis, his emergency break through was unsuccessful since the telephones were reportedly off the hook.
Following the incident, Pavlakis filed a written complaint with the Sewerage and Water Board. Rudolph St. Germain, Chief of Networks for the Sewerage and Water Board, investigated the complaint. St. Ger-main testified that although Taylor and Joseph were assigned to work at the time of the crisis, they had not logged any activity in their log books during the period of low water pressure nor were there any indications in the records from the Central Control Office that Taylor and Joseph had attempted to notify anyone of the calls.
In the course of his testimony, St. Ger-main outlined the proper work activity of Equipment and Service Dispatchers. At the time of the incident he was the Pres *948 sure Systems Administrator in charge of the department where Taylor and Joseph worked. St. Germain stated that the policy of the department was to handle all complaints on a complaint form and then log the calls in on the Report of the Night Clerk. The logs and records should indicate any unusual activity on the night of January 11. Apparently, these procedures were not followed, as the log did not reflect any complaints regarding decreased water pressure nor were any complaint forms filled out.
At the hearing, Bruce King, a Sewerage and Water Board laborer, testified that on two separate occasions, upon returning to his office (which was adjacent to the complaint desk) during the Taylor-Joseph work shifts, he had observed telephones placed off the hook.
At the hearing, each plaintiff took the stand on her own behalf. According to the testimony of Taylor, at approximately 10:30 p.m. on the night of January 11, 1987 the emergency lines began ringing and rang with such frequency that all she could do was lay the phones down. Joseph testified that not only had there been trouble with the telephone lines on and off since their installation, there were also problems with the phones on the night of the incident. Additionally, Taylor and Joseph claimed that they had completed a complaint form but that because no one was dispatched to investigate the problem, they did not log the complaint nor did they keep the complaint form.
As the basis of termination, the Sewerage and Water Board determined that Taylor and Joseph had been negligent in the performance of their work by taking the telephones off of the hook and, consequently, by not responding to an emergency situation. The decision was upheld by the Civil Service Commission and we will not disturb that determination.
Under the Louisiana Constitution a civil service employee cannot be discharged absent legal cause. La. Const, art. X, Sec. 8. To substantiate its actions, the appointing authority must prove that the conduct complained of impaired the efficiency of the public service and that it bears a real and substantial relationship to the efficient operation of the public service in which the employee was engaged Noel v. Department of Sanitation, 490 So.2d 498 (La.App. 4th Cir.1986). Here, the Commission determined that Taylor and Joseph were irresponsible in the handling of their assigned duties, specifically finding that Joseph and Taylor “were in the practice of removing the emergency telephone receivers from their cradles.” Obviously such a practice will impair the efficiency of the operation of the Sewerage and Water Board, particularly in a crisis situation with potentially dire consequences. We find that the decision of the Civil Service Commission is sufficiently supported by the record and not manifestly erroneous.
For the foregoing reasons the judgment of the Civil Service Commission is affirmed.
AFFIRMED.