BECKER, Judge.
This is an appeal from an order of the Civil Service Commission of the City of New Orleans, upholding the termination of Joseph Washington from the New Orleans Police Department by the Superintendent of Police, for violation of the regulations of the New Orleans Police Department regarding moral conduct, malfeasance in office, theft and neglect of duty. Although Ronald Foley was also terminated as a police officer for the same alleged conduct, he has not appealed the Civil Service Commission’s findings.
Appellant and Ronald Foley were partners in police car 604 when on August 31, 1986, they were called to the scene of a disturbance in the 2800 block of South Claiborne Avenue where they arrested Ms. Truly Wright for slashing her former boyfriend’s automobile tires. The knife she had used was turned over to the officers by the victim. In the arrestee’s possession was her purse which she placed, under orders, on the front passenger floorboard of the police vehicle. Appellant was the driver of the police vehicle and Officer Foley was in the front passenger seat.
After being placed in the rear of the vehicle, and while proceeding to the 6th District Police Station, Officer Foley inquired as to whether Ms. Wright possessed a weapon and after she responded affirmatively, he removed a 38 caliber Iver and Johnson revolver from the purse, and unloaded it. When he was asked by the ar-restee what he intended to do with the gun, Foley replied, “You do not want to be charged with it, do you?” Thereafter, a radio check on the police computer was made from the patrol car using Foley’s social security number and secret code to determine if the weapon had been reported stolen. All this occurred while Wright was in the rear of the police car and Washington and Foley were proceeding to the 6th District Police Station. After arriving at the Police Station, Washington left the vehicle for approximately five (5) minutes. Upon his return both he and Foley proceeded to the Central Lockup where Wright was formally charged with criminal damage to property.
Some months later Wright attempted to retrieve her pistol from the Central Evidence and Property Room of police headquarters but was told that no such weapon was ever placed on the property books. She was referred to speak to either the appellant or Officer Foley. Wright then telephoned Officer Washington who replied that he remembered the incident but did not know what had happened to the gun. He referred her to his partner Officer Foley who denied ever seeing the gun. Neither the gun nor the knife used by Wright to commit the criminal damage was ever placed into evidence.
Appellant argues that the appointing authority failed to demonstrate what duty, if any, the appellant had relative to the evidence seized by his partner during an arrest in which he was involved, and further failed to prove that under police regulations he had an affirmative duty to ascertain whether his partner had made proper disposition of the weapons. We disagree and affirm.
The New Orleans Police Department rules and procedures under which appellant was terminated are as follows:

RULE 2 MORAL CONDUCT

1. ADHERENCE TO LAW
A member shall act in accordance with the constitutions, statutes, ordinances, administrative regulations, and the official interpretations thereof, of the United States, the State of Louisiana, and the City of New Orleans, but when *936 in another jurisdiction shall obey the applicable law. Neither ignorance of the law, its interpretations, nor failure to be physically arrested and charged, shall be regarded as a valid defense against the requirements of this rule.
R.S. 14, Article 134
Malfeasance in Office
Malfeasance in office is committed when any public officer or public employee shall:
(1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or
(2) Intentionally perform any such duty in an unlawful manner.
R.S. 14 ARTICLE 67 THEFT
1) Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential ...

RULE 4 PERFORMANCE OF DUTY

4. NEGLECT OF DUTY
a. Each member, because of his grade and assignment, is required to perform certain duties and assume certain responsibilities. A member’s failure to properly function in either or both of these areas constitutes a neglect of duty.
FSOP 198.0 CENTRAL EVIDENCE AND PROPERTY HANDLING PROCEDURE
1. POLICY
With the exception of motor vehicles, hazardous materials, and large quantities of perishables all property and/or evidence confiscated or received by department members shall be delivered to the Central Evidence and Property Division for proper processing and storage.
Department members receiving property/evidence shall be responsible for delivering such articles to Central Evidence and Property in the original received condition prior to the end of the member’s shift. Under no circumstances shall a department member keep or hold property and/or evidence past his official hours of duty without the approval of the Superintendent.
A permanent civil service employee may not be subjected to disciplinary action except for legal cause. La. Const. Art. 10, Section 8. The burden of proof is on the appointing authority to prove by a preponderance of the evidence the complained of conduct and that such conduct impaired the efficiency of the public service and that it bore a real and substantial relation to the efficient operation of the public service in which the employee was engaged. Reboul v. Department of Police, 420 So.2d 491 (La.App. 4th Cir.1982); Noel v. Department of Sanitation, City of New Orleans, 490 So.2d 498 (La.App. 4th Cir.1986).
Appellant was present in the police car when the pistol was removed from the purse and unloaded. He was present and overheard the conversation concerning the gun between Wright and appellants partner Officer Foley. The appellant knew a computer check of the weapon had been made using Foley’s social security number and secret code, and he knew, or should have known, that neither the knife nor the pistol were ever placed into evidence. The appellant further knew that the arrestee was not charged with carrying a concealed weapon, as would ordinarily be the case under the circumstances. All of these facts lead but to one conclusion. Appellant was aware that his partner had taken the weapon for his own personal use and in order to conceal it, did not place the gun into evidence or charge Wright with the offense of carrying a concealed weapon.
In Callahan v. New Orleans Police, 171 So.2d 730 (1965), this court stated:
The paramount interest of the public in the area of law enforcement is so obvious that further comment seems unnecessary. A police officer who refuses to cooperate with the proper authority of the City by which he is employed; who refuses to give information within his *937 knowledge; or who impedes or hinders the inquiry by the proper authorities into violations of the law which he has sworn to uphold and defend, is no longer of any value to the City as a police officer. Any law which declares and renders such officer disqualified from continuation in public service is within the limits of the reasonable exercise of the police power of the State and not violative of due process. State v. South Western Electric Power Company, 127 So.2d 309 (La.App.2d Cir.1961), pp. 315-316.
We conclude therefore, that not only did appellant violate the regulations of the New Orleans Police Department by concealing the actions of his partner, but in effect, was also a principal to the crime of theft.[1]
AFFIRMED.
BARRY, J., dissents with reasons.

. All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals. (L.S.A.-R. S. 14:24).