WATKINS, Judge.
The Department of Culture, Recreation and Tourism, Office of Film and Video (CRT) appeals the State Civil Service Commission's ruling refusing to extend the suspension of Phillip Seifert, an employee of CRT.
FACTS
By letter dated March 21, 1988, CRT suspended Phillip Seifert from his position as Film Development Liaison Supervisor pending investigation of criminal charges that he monopolized, attempted to monopolize, and combined with others to monopolize the film trade in Louisiana. Mr. Sei-fert appealed his suspension on April 7, 1988. By letter dated May 27, 1988, CRT sought approval to extend Mr. Seifert’s suspension beyond 90 days, stating that “As yet, Mr. Seifert’s case has not yet been heard.... Because the charges brought against Mr. Seifert are directly related to his position in the office of film and video, we feel that it would be a severe impairment to the public service for him to perform the duties of that position until this case has been resolved.” On June 8, 1988, the request for extension was denied by the Commission. On June 21, 1988, CRT ordered Mr. Seifert to take forced annual leave. On that same date Mr. Seifert drafted a letter to the Commission requesting a hearing on his suspension and his forced annual leave.[1] By letter dated July 13, 1988, CRT asked to appear before the Commission to request that the Commission reconsider its decision concerning the extension of the 90-day suspension. On *494 August 3, 1988, after receiving new evidence, the Commission reconsidered its June 8, 1988 denial of CRT’s request for extension of suspension and granted the request to extend the suspension for an additional 90 days beginning August 3, 1988.
Pursuant to Mr. Seifert’s appeals, a public hearing was conducted on November 1, 1988, in Baton Rouge, in which CRT verbally requested an extension of the suspension. The Commission issued a letter dated November 3, 1988, which denied CRT’s request to extend the suspension. On December 19, 1988, the Commission issued reasons reversing Mr. Seifert’s previous suspensions and ordered CRT to put Mr. Seifert back to work. However, the Commission refused to vacate CRT’s decision to force Mr. Seifert to take his annual leave.
CRT appeals, urging that the Commission erred in failing to rule that the penden-cy of an indictment against a state employee based on alleged misuse of that employee’s position constitutes an impairment of state service sufficient to uphold a suspension of the employee without pay; the Commission’s failure to so rule resulted in denial of CRT’s request for an extension of the suspension.[2]
The Commission made the following pertinent findings in regard to the issue of Mr. Seifert’s suspension:
These appeals were scheduled to be heard on November 1, 1988, and the parties were so notified by agenda mailed on September 21, 1988. However, at the hearing, neither party put on any evidence. As to Docket No. 7112, counsel for appellee stated that appellee had no evidence to offer on the conduct charged in the letter of suspension and would rely solely on the indictment itself as cause for the suspension. As to Docket No. 7288, counsel for appellant stated that appellant currently has about 550 hours of annual leave accrued.
CONCLUSIONS OF LAW
A.
DOCKET NO. 7112 — THE SUSPENSION
In appeals of disciplinary action, the burden of proof as to the facts, is on the appointing authority [La. Const. .Art. X, Sec. 8(A)]. In this appeal, appellant is charged with having been indicted for certain conduct and appellant admitted in his request for appeal that he was in fact indicted on October 29, 1987. Neither the courts nor this Commission has heretofore been called upon to decide whether an indictment for job-related conduct, standing alone, constitutes cause for disciplinary action. However, the courts have concluded that an arrest, coupled with a short absence from the job due to incarceration, standing alone, does not constitute cause for disciplinary action. See Brown v. L.H.H.R.A., Lake Charles Mental Health Center, 346 So.2d 758 (La.App. 1st Cir.1977); Noel v. Department of Sanitation City of New Orleans, 490 So.2d 498 (La.App. 4th Cir.1986). In Brown, the court described the circumstances under which an arrest would constitute cause for disciplinary action (in that case, termination), as follows:
The mere arrest and incarceration of a classified employee is not per se legal cause for dismissal. It is necessary to consider the circumstances of the arrest and the needs of the employer to determine if sufficient cause for dismissal exists. Factors to be considered in relation to the impairment of job performance include, but are not limited to: validity and ultimate disposition of the charges, the length or possible length of incarceration, and the degree of resulting notoriety.
Brown, supra at 762. The Commission concludes that these criteria are equally applicable when an employee is disciplined for having been indicted.
*495 Even assuming that appellant is still under indictment, appellee put on no evidence as to any of the circumstances described in Brown. Consequently, the Commission concludes that appellee has failed to bear its burden of proof as to the suspension. Accordingly, the suspension is hereby reversed; appellant is to be paid back pay for the period of suspension, subject to an offset in favor of appellee for any compensation earned for unemployment benefits received during the period of suspension; and the letter of suspension is to be removed from appellant’s personnel records. The Commission does not conclude that it was unreasonable for appellee to have suspended appellant pending investigation under the circumstances presented herein; consequently, the request for attorney’s fees is denied. (Footnote omitted.)
CRT claims that Mr. Seifert’s indictment for job-related conduct, standing alone, is sufficient to constitute cause for suspension pending the disposition of the charges. CRT contends that Mr. Seifert’s suspension was not “disciplinary action” citing Civil Service Commission Rule 1.40 which defines “suspension” as “the enforced leave of absence without pay of an employee for disciplinary purposes, or during an investigation of alleged misconduct by the employee.”
CRT also relies on Floyd v. Louisiana Wildlife and Fisheries Commission, 283 So.2d 537 (La.App. 1st Cir.1973) for the proposition that a suspension without pay for the express purpose of investigating alleged misconduct of an employee is not considered disciplinary action. In Floyd this court held that an appointing authority may suspend an employee strictly for the purpose of investigation and not for disciplinary reasons. However, the appointing authority in Floyd, unlike the present case, conducted its own investigation and supplied the Commission with ample facts to support the 90-day suspension for investigative purposes.
In the instant ease, CRT sought the extension of Mr. Seifert’s suspension for investigative purposes. In order to support the extension of a suspension for purposes of investigating alleged misconduct, the appointing authority is expected to furnish some factual support for the alleged misconduct or reasons why more time for investigation is necessary. The appointing authority cannot sit back and rely on a criminal indictment to support indefinite suspensions of an employee for alleged investigative purposes. A suspension for investigative purposes requires investigation on the part of the appointing authority; otherwise it should be considered disciplinary action.
CRT further argues that the Commission erred in requiring CRT to present evidence that Mr. Seifert’s alleged on-the-job misconduct impaired the efficiency of the public service. CRT claims that the burden of proof of off-the-job misconduct (i.e. impairment of the efficiency of state service) does not apply to situations involving on-the-job misconduct. CRT cites Jones v. Louisiana Department of Highways, 259 La. 329, 250 So.2d 356 (1971) in support of its contention.
The Jones case involved an employee of the department of highways who was dismissed for falsifying a payroll record and submitting a fraudulent expense account. The Court held that “[ujnlike the case of off-the-job conduct,' such as that in [Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962) ] disciplinary action for the violation of Civil Service Rules need not be supported by independent evidence of impairment of the efficiency of the service nor by independent evidence of intent of employee to defraud.” Jones, 250 So.2d at 359. We note that the employee in Jones violated two specific Civil Service rules and that the record in Jones contained ample facts to support the alleged on-the-job misconduct.
As set forth in Noel v. Dept. of Sanitation, 490 So.2d 498, 500 (La.App. 4th Cir.1986):
A permanent employee may not be subjected to disciplinary action except for legal cause. La. Const. Art. 10 Sec. 8. In such cases, the Appointing Authority *496 must prove, by a preponderance of the evidence, the occurrence of the complained of conduct, that the conduct complained of impaired the efficiency of the public service and that it bore a real and substantial relation to the efficient operation of the public service in which the employee was engaged. (Citations omitted.) (Emphasis added.)
An appellate court may reverse the Commission’s factual findings only if such findings are manifestly erroneous or clearly wrong. Bruno v. Department of Police, 462 So.2d 139 (La.1985), cert. denied, 474 U.S. 805, 106 S.Ct. 39, 88 L.Ed.2d 32 (1985). We find no error in the finding that CRT failed to support the extension of Mr. Sei-fert’s suspension.
In the instant case CRT presented no evidence to support Mr. Seifert's suspension other than the fact that Mr. Seifert admitted to being indicted. CRT claims that it should not have to produce independent evidence of impairment of the efficiency of the public service when the misconduct is on-the-job misconduct. We agree that independent evidence of impairment of the public service is not necessary when the misconduct is on-the-job misconduct. However, an appointing authority is still required to prove by a preponderance of the evidence the occurrence of the conduct complained of. CRT offered nothing more than the fact that Mr. Seifert had been criminally indicted (which indictment was quashed and is pending appeal) in support of Mr. Seifert’s suspension.
It is apparent from the record that CRT did little to verify any of the alleged misconduct of Mr. Seifert from the time of his initial suspension in March of 1988, until the November 1, 1988 Civil Service hearing. CRT relied sdlely on the criminal indictment to support its suspension of Mr. Seifert. The Commission was correct in finding that the indictment, standing alone, was insufficient to support Mr. Seifert’s suspension for disciplinary or investigative purposes as CRT failed to prove the occurrence of the conduct.[3]
For the reasons set forth, the ruling of the Civil Service Commission is affirmed. Costs in the amount of $156.00 are to be borne by CRT.
AFFIRMED.

. Because the issue of forced leave was not addressed in Mr. Seifert’s original appeal, the Commission advised him to either file another appeal or alternatively that his letter of June 21, 1988, could be construed as another appeal. By letter dated June 27, 1988, Mr. Seifert asked that the June 21 letter be considered as an appeal. Thereafter the Commission consolidated the appeals for hearing.

. CRT also assigns as error the Commission’s failure to rule that Mr. Seifert’s indictment was still pending during the State’s suspensive appeal of the district court’s ruling quashing the indictment. This assignment of error is without merit as the Commission’s ruling assumes that the indictment is still pending.

. We note that in both the Jones and Floyd cases the appointing authority supplied the Commission with ample facts to support the alleged misconduct.