250 So.2d 356

Claud JONES

v.

**LOUISIANA DEPARTMENT OF HIGH-
WAYS.**

Nos. 50860, 50864.

June 28, 1971.

Norman L. Sisson, Robert J. Jones, Rob-
ert L. Roshto, Baton Rouge, for defendant-
relator.

Mouser & Boothe, Holmes M. Mouser,
Columbia, for plaintiff-respondent.

R. Gray Sexton, Baton Rouge, for Direc-
tor of Personnel, State Dept. of Civil
Service.

DIXON, Justice.

Claud Jones appealed his dismissal from
the Department of Highways. The Civil
Service Commission sustained the dismissal,

and an appeal was perfected to the First Circuit Court of Appeal, which reversed the commission and reinstated Jones. Writs were granted on the application of both the Louisiana Department of Highways (No. 50864) and the Director of Personnel of the Louisiana State Department of Civil Service (No. 50860).

Jones was employed as an inspector of highway machinery and equipment, charged with traveling throughout the highway district to "insure the proper use, maintenance and repair of all motorized equipment assigned to the Highway Districts." His home was designated as his base of operations, and he kept his own time and expense records, on which his pay was based.

The letter of dismissal from Jones' employer charged him with falsifying the payroll record and submitting a fraudulent expense account on four days of a two week pay period. In dismissing his appeal, the Civil Service Commission found from the evidence presented to it that Jones was clearly guilty of the misconduct charged.

In reversing, the Court of Appeal (237 So.2d 916) found the commission's decision "based on conclusions unsupported by any evidence and as being without legal cause." "Legal cause" for removal, the Court of Appeal found, was defined in Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5, 9:

"Legal cause for disciplinary action exists if the facts found by the commission disclose that the conduct of the employee impairs the efficiency of the public service. Of course there must be a real and substantial relation between the conduct of the employee and the efficient operation of the public service; otherwise legal cause is not present, and any disciplinary action by the commission is arbitrary and capricious."

It should be noted early that the Leggett case involved off-the-job conduct of a campus policeman. He was charged, tried and found not guilty in city court of operating a disorderly house. Nevertheless, the commission examined the evidence concerning Leggett's business, a sort of one-cot bawdy house, and found its disreputable character established beyond doubt. The Supreme Court held the commission's findings to be supported by the evidence, and concluded that: "we cannot say that under the facts found by the commission there was no real and substantial relation between the conduct of Leggett and the efficient operation of the public service."

In the case before us, Jones is not charged with off-the-job misconduct, but with falsifying his pay records and receiving pay for time not worked, as well as reimbursement for meals not bought. The misconduct charged was a violation of civil service rules.

The Court of Appeal found that the record before it did not show that the violations charged would "prejudice the efficiency of the service, and did not demonstrate an intent on the part of the employee to defraud the Highway Department."

The findings of fact of the Civil Service Commission are final. (Louisiana Constitution Article 14, Section 15(O) (1) "The decision of the appropriate Civil Service Commission shall be final on the facts. * * *"). This basic law was recognized by the Court of Appeal, but the Court of Appeal concluded that the findings of fact of the commission were not supported by any evidence.

With this conclusion we cannot agree.

The findings of fact of the Civil Service Commission are, in part, as follows:

"From the evidence received, we make the following FINDING OF FACT

"1. Appellant reported to the Department of Highways (Exhibit Jones 2) that on each of the days February 5, 6, 7, 10, 11, 12, 13, 14, 17 and 18 he had departed from his 'Official Station' at 7:30 a. m. and had returned thereto at 4:00 p. m. For each of these days he claimed and was reimbursed for the cost of a meal, or a total of $14.18 for these 10 working days.

"2. Appellant did not leave his 'Official Station' in Jena on each of these days at

7:30 a. m. nor did he return thereto at 4:00 p. m. on each of these days.

"3. Appellant's working day was scheduled to be an 8-hour one; he recognized this fact, and his immediate superior, Leger, expected it of him. He did not work 8 hours each day that he reported that he had done so.

"4. On February 6 appellant was at his home in Jena by 3 p. m.; on February 7 appellant was at his home in Jena by 11:10 a. m.; on February 10 he was at his home in Jena by 1:30 p. m.; on February 14 he was at his home by 11:30 a. m., and he was there at 1:15 p. m.

"By appellant's own admissions the declarations made by him on his Form 543, Expense Account (Exhibit Jones 2) were not true. He conceded that he did not leave his home in Jena each day at 7:30 a. m. and return there at 4:00 p. m. as is reported on that Expense Account. At least as to the days February 6, 7 and 10, appellant testified that he left home at about 6:30 a. m. As to February 10 he estimated that he returned to his home at about 1:30 to 2:00 p. m., and for most of the days he guessed that he arrived at his home at about 3:00 to 4:00 p. m. Further, on Exhibit Jones 2 he reported that on February 12 his itinerary covered 'Jena-Alexandria-Jena', but on Exhibit Jones 4 it is reported that five quarts of oil went into his vehicle at Winnfield.

"When there came to the attention of the Director of the Department of Highways the anonymous letter (Jones Exhibit 9), Departmental employees C. A. Richard and Bill Young were directed to make periodic and regular checks of the home of appellant to ascertain his presence there at various hours. Young checked appellant's home on February 6 at 3:00 p. m. and at 3:35 p. m.; at both times the state-owned vehicle assigned to and operated by appellant was present. On February 10 Young found appellant's vehicle at his home at 1:30, 2:45 and 3:15 p. m. On February 14, he found it there at 11:30 a. m. and at 1:15 p. m.

"C. A. Richard checked the residence of appellant on February 7 at 11:10 a. m. and at 2:30 p. m. On both occasions appellant's assigned vehicle was there. On February 14 Richard made checks at 8:40 a. m., when he found the car gone; at 11:45 a. m. and 1:20 p. m., on both of which occasions he found the car present.

"On February 14 departmental employee Dennis Berry was riding with Young and also observed the presence of appellant's vehicle on the two occasions reported by Young.

"The conclusion is inescapable that appellant did not, on February 6, 7, 10 and 14 devote eight (8) hours to his service for the State of Louisiana. On two of these days he was at home before noon, and, even if he left his home at 6:30 a. m. as he testified that he did, he lacked by a considerable amount giving the State the time for which he was paid to work.

"Appellant knew that he was expected to work an 8-hour day. As he put it in testifying before this Commission, it was ' * * * common knowledge that a man was to work 8 hours a day.' "

The Court of Appeal found that there was no evidence to support the commission's finding that Jones' work day was scheduled to be an eight hour day. At the hearing before the commission, Jones himself testified that it was common knowledge or a "common understanding" that his work day was supposed to be eight hours. On his time sheet for each day for which there is any evidence in the record, Jones himself entered eight hours. Civil Service Rule 11.1 provides that the work week for each employee is forty hours. Civil Service Rule 14.1.1(c) prohibits making false statements or reports with regard to the employment.

The length of Jones' work day was never at issue before the commission. Jones' own admission and the civil service rules made it unnecessary for the commission to produce any additional evidence that Jones' work day was an eight hour day and that his work week was a forty hour week.

The Court of Appeal found that Jones' false application for reimbursement of expenses for meals, although violating the

letter of a memorandum of instructions, did not suggest fraud. The Civil Service Commission, in addition to the findings of fact noted above, made the following finding:

"In view of the fact that appellant did not, on any of the days in question, leave his home earlier than 6:00 a. m., and that on at least February 6, 7 and 14 he was back at his home in Jena by, or earlier than, 3:00 p. m., his claim for reimbursement for a meal on those days is flatly contrary to Paragraph VII, A, 2 of the travel and expense regulations embraced within the 'Director's Policy and Procedure Memorandum No. 48' (Exhibit Jones 8) promulgated on November 1, 1966 to personnel of the Department of Highways. The impropriety of the claim for these four (4) particular days is evident; the propriety of the claim for the remainder of the days set forth on Exhibit Jones 2, for the period from February 5 through 18, 1969, is questionable.

"There is, then, no room for doubt that appellant did not, during the period under scrutiny, render true factual information to the arm of the state government by which he was employed as a public servant. Whether he made untrue factual representations knowingly or with fraudulent intent is not the test by which such conduct is to be measured. *Employees in the public sector are to be held to a high degree of integrity in the consumption of public funds either in pay or in expenditures necessary to the efficient performance of their assigned duties.*" (Emphasis added).

 The findings of the commission are supported by ample evidence. Its conclusions are correct.

Civil Service Rules have the force of law. Louisiana Constitution, Article 14, Section 15(I) provides:

"There is vested in the State Civil Service Commission and in the appropriate City Civil Service Commissions for the several cities respectively the authority and power, after public notice and public hearing, to adopt, amend, repeal and enforce rules which shall have the effect of law, regulating employment. * * *"

 Unlike the case of off-the-job conduct, such as that in the Leggett case, disciplinary action for the violation of Civil Service Rules need not be supported by independent evidence of impairment of the efficiency of the service nor by independent evidence of intent of employee to defraud. No such requirement is to be found in the Constitution. As long as the action against the employee fulfills the requirements of the law, is not arbitrary, capricious or discriminatory, and is supported by evidence, it will not be disturbed by the courts.

The judgment of the Court of Appeal is reversed, and there is now judgment reinstating and affirming the decision of the Civil Service Commission in dismissing the appeal of Claud Jones.