| SCHOTT, J.
Pro Tempore.
This an appeal by an employee of the Department of Police of the city of New Orleans (NOPD) from an order of the Civil Service Commission of the City of New Orleans dismissing her appeal from a decision suspending her for thirty days. We affirm.
Civil Service Rule IX, Sect. 1.3 provides as follows:
In every case of termination, suspension, reduction in pay, or fine of any employee in the classified service or of involuntary retirement or demotion of employee, within five (5) working days of the effective date of the action, the appointing authority shall furnish the employee and the Director of Personnel a statement in writing of the reasons therefor. The notification also must advise the employee of the possible right of appeal, which must be exercised within thirty (30) calendar days of the date of the disciplinary letter.
On May 15, 1996, her appointing authority notified appellant that she was suspended for thirty days for misconduct effective May 27 and that she had thirty days from the date of the letter in which to appeal the decision to the Commission. The last day to take her appeal was June 14, but she filed it on June 21. The last day for the appointing authority to notify the Director of Personnel was June 3, but |2the Director received the notice on June 4. In this court appellant argues that the failure to send the notice on time some *50 how suspended or eliminated the thirty-day delay for her to appeal.
The obvious purpose for the notice to the employee is to afford due process to the employee. The equally obvious purpose for the thirty-day deadline for the appeal is to bring about finality to a disciplinary decision. It is analogous to the concept that a judgment becomes final with the quality of res judicata once the delay for an appeal has expired. On the other hand, the purpose for the requirement of notice to the Commission is purely administrative. It simply notifies the commission that an employee out there might take an appeal. But it has not effect whatsoever on the rights of the employee. In this case we cannot conceive of any possible prejudice to appellant because the notice to the Commission was one day late.
In Sanders v. Dept. of Health & Human Resources, 388 So.2d 768 (La.1980) the court had a similar problem involving a state Civil Service Rule which provided:
The appointing authority shall furnish the director a copy of such statement within fifteen calendar days of the date the employee is notified.
In that case the Commission had upheld the discharge of an employee, and the court of appeal reversed the decision because the appointing authority had failed to comply with the above rule. The Supreme Court also failed to see how the employee had been prejudiced, and it held that the rule was merely directory. We have likewise concluded that the rule under consideration here is merely directory 13and administrative and the failure of the appointing authority to follow it to the extent that he did had no effect on the delay appellant had to take her appeal.
Our conclusion is also consistent with the decision in Bannister v. Department of Streets, 666 So.2d 641 (La.1996). In that case the employee’s termination was affirmed by the Civil Service Commission but the court of appeal reversed that decision because the commission had not decided the case within ninety days as required by its rules. Even though the rule was couched in mandatory terms the court held that, considering the purpose and intent of the drafters of the rule, it was merely directory in nature, and its violation under the circumstances did not render the commission’s decision nugatory. The court recognized that to conclude otherwise would be an absurd result. The same can be said in the instant case.
Accordingly, the judgment of the Commission dismissing appellant’s appeal is affirmed.

AFFIRMED.

PLOTKIN, J., dissents with written reasons.