844 So.2d 940 (2003)
Fred THOMPSON
v.
NEW ORLEANS POLICE DEPARTMENT.
No. 2002-CA-1804.
Court of Appeal of Louisiana, Fourth Circuit.
April 1, 2003.
Gary M. Pendergast, New Orleans, LA, for Plaintiff/Appellee.
Patrick R. Bossetta, Assistant City Attorney, Franz L. Zibilich, Chief Deputy City Attorney, Charles R. Rice, Jr., City Attorney, New Orleans, LA, for Defendant/Appellant.
*941 (Court composed of Judge CHARLES R. JONES, Judge JAMES F. McKAY III, Judge MAX N. TOBIAS Jr.).
CHARLES R. JONES, Judge.
The New Orleans Police Department appeals the decision of the Civil Service Commission restoring to Officer Fred Thompson all back pay and benefits lost as a result of a disciplinary action taken against him. We affirm.
Officer Thompson was hired by the New Orleans Police Department (hereinafter the "NOPD") on May 12, 1985. Officer Thompson was promoted to his current permanent status of Police Officer IV on February 12, 1993. On June 2, 2000, Officer Thompson responded to a trespassing complaint at 508 Adell Street. The complaint had come from an employee of the Housing Authority of New Orleans (hereinafter "HANO"). He went to the apartment where he came across an unknown substance that he believed, through his experience, not to be narcotics. Officer Thompson flushed the substance down the toilet. Two arrests were made; however, the substance could not be linked to either of the arrestees. A HANO employee called the NOPD and made a complaint in regard to the substance being flushed down the toilet.
A May 9, 2001 letter from the NOPD suspended Officer Thompson for seventy days for "neglect of duty", effective June 3, 2001. Specifically, the letter stated "... you (Officer Thompson) failed to bring the substance to Central Property and Evidence, for testing and to be destroyed. Furthermore, you failed to write a police report on the discovery." Officer Thompson appealed the findings of the NOPD to the Civil Service Commission. The Civil Service Commission held a hearing on February 25, 2002, in which Officer Thompson's appeal was granted and his back pay and benefits were restored. The NOPD now appeals the decision of the Civil Service Commission, arguing that the Commission acted arbitrary and capricious in their finding. We disagree.
The Civil Service Commission has a duty to decide independently from the facts presented whether the appointing authority has good or lawful cause for taking disciplinary action and, if so, whether punishment imposed is commensurate with the dereliction. Walters v. Department of Police of New Orleans, 454 So.2d 106 (La.1984). The appointing authority has the burden of proving by the preponderance of the evidence that occurrence of the complained of activity and that the conduct complained of impaired the efficiency of the public service. Cittadino v. Department of Police, 558 So.2d 1311 (La. App. 4 Cir.1990). In reviewing the decisions of a Civil Service Commission, a reviewing court should not reverse a Commission conclusion as to the existence or absence of cause for dismissal, unless the decision is arbitrary, capricious or an abuse of the Commission's discretion. Jones v. Louisiana Department of Highways, 259 La. 329, 250 So.2d 356 (1971); Konen v. New Orleans Police Department, 226 La. 739, 77 So.2d 24 (1954).
Officer Thompson was an employee of the NOPD for sixteen years. The parties stipulated at the hearing that the seventy-day suspension was the first disciplinary action taken against him while employed with the NOPD. Further, the parties stipulated to Officer Thompson's reference to the NOPD's disciplinary guidelines for "neglect of duty" under Chapter 26.2. He explained that there are three categories of offenses specified, and that a first offense case for a minor violation would result in a letter of reprimand for five days. There were no objections by either party during the course of the hearing.
*942 After review of the record, we agree with the Civil Service Commission when it stated in its decision that:
From the facts provided, we cannot conclude that the appellant neglected his duty. There is no factual basis to explain why the Appellant should have taken possession of an unknown substance that was not believed to be illegal.......The Appointing Authority has failed to establish by a preponderance of evidence that the Appellant neglected his duty.
Considering the evidence presented at trial and the record before us, the Civil Service Commission did not act arbitrarily nor capriciously in its finding, and we have no cause to reverse its opinion.

Decree
For the reasons stated herein, we affirm the decision of the Civil Service Commission restoring all back pay and benefits to Officer Fred Thompson.
AFFIRMED.
TOBIAS, J., concurs and assigns reasons.
TOBIAS, J., concurs and assigns reasons.
I respectfully concur.
This court held in Stevens v. Department of Police, XXXX-XXXX, p. 8 (La.App. 4 Cir. 5/9/01), 789 So.2d 622, 627:
The public puts its trust in the police department as a guardian of its safety, and it is essential that the appointing authority be allowed to establish and enforce appropriate standards of conduct for its employees sworn to uphold that trust. Newman [v. Dept. of Fire, 425 So.2d 753 (La.1983) ] .... Indeed the [Civil Service] Commission should give heightened regard to the appointing authorities that serve as special guardians of the public's safety and operate as quasi-military institutions where strict discipline is imperative.
Even though strict discipline is required in the administration of a police department, the record on appeal in this case contains no evidence explaining why the appointing authority found that a seventy-day suspension was warranted in Officer Thompson's case. Under Chapter 26.2 of the disciplinary guidelines of the New Orleans Police Department, Officer Thompson would at most be guilty of a first offense minor violation of the prohibition against neglect of duty, the maximum penalty for which is a suspension of not more than five days and the minimum penalty for which is a reprimand. The Commission was required, in my opinion, to reverse the penalty imposed by the appointing authority because no evidence was presented at the hearing justifying it or any other penalty.