JACHARLES R. JONES, Judge.
The Appellant, the Department of Public Works for the City of New Orleans, appeals the judgment of the Civil Service Commission, reversing the Department’s decision to terminate the employment of the Appellee, Elmo Danforth, for violation of New Orleans Code, Article X, section 2-971 et seq., the Domicile Ordinance for the City of New Orleans. Also, the Department of Public Works, in a subsequent, consolidated matter, appeals the judgment of the Civil Service Commission granting Mr. Danforth immediate enforcement of the judgment. Additionally, a third case, involving the exact same issues as the second consolidated matter was consolidated therewith. We must note that it is an ineffective use of the Courts time to continuously file appeals when a pending appeal is dispositive of the case. Following a review of the record, we affirm the judgment of the Civil Service Commission.
Facts and Procedural History
In February 1995, Mr. Elmo Danforth, a Senior Civil Engineer with permanent status with the Department of Public Works (hereinafter “the Department”), was domiciled outside of Orleans Parish. On August 11, 1995, the City of New Orleans’ Chief Administrative Officer issued revised CAO Policy | ^Memorandum # 19, which required all employees to be domiciled in Orleans Parish, unless they were domiciled outside of Orleans Parish on February 16, 1995. On February 16, 1995, Mr. Dan-forth was domiciled at 416 Glenmeade Court in Gretna, Louisiana where he resided until his divorce in 1999, at which time his’ wife was awarded use of the marital home. Mr. Danforth secured another apartment in Gretna while the property partition issues were pending. He sought ownership of the marital home. In August 2000, the Department discovered that Mr. Danforth lived in the Gretna apartment and no longer lived at 416 Glenmeade Court. Mr. Danforth was placed on emergency suspension and notified that disciplinary action would follow. Immediately thereafter, Mr. Danforth acquired and moved into an apartment in Orleans Parish, as well as changed his driver’s license and voter’s registration to reflect the change of address to Orleans Parish. At his pre-termination hearing, Mr. Danforth provided his lease for the apartment, his driver’s license, and his voter registration reflecting the Orleans Parish address; however, the Department decided to terminate his employment. He appealed this decision to the Civil Service Commission (hereinafter “the Commission”) who reversed his termination by the Department on January 7, 2002. It is from this judgment that the Department appeals. Addi- *652 tionaUy, the Department appeals the judgment of the Commission dated June 24, 2002 in two separate appeals. Said judgment granted a Motion to Enforce Decision filed by Mr. Danforth, and reinstated him to his former position with all back pay and benefits. These three matters have been consolidated on appeal.
Discussion
The first issue raised by the Department is whether the Commission acted arbitrarily and capriciously, and committed manifest error in reversing the Utermination of Mr. Danforth. The Department argues that although Mr. Danforth’s actual domicile was in Jefferson at the time the Domicile Ordinance became effective, he failed to file a declaration of exempt status as required by the Domicile Ordinance. The Department avers that Mr. Danforth provided misleading information when listing a New Orleans address on requested documentation. Also, the Department argues that once Mr. Danforth left the Jefferson Parish domicile, regardless of the grounds for leaving, it was incumbent upon him to acquire a domicile in Orleans Parish.
In response, Mr. Danforth argues that he did not file a declaration to exempt his Jefferson Parish domicile on Glenmeade Court because he was never provided with the form requesting the declaration. Mr. Danforth also argues that he used the New Orleans address to receive mail in light of his marital difficulties, and was not establishing this location as a domicile. Further, Mr. Danforth argues that he had not established a new domicile because he was forced to leave the Glenmeade Court property by court order, although he had the full intention to acquire permanent occupancy of the marital home upon partition of the marital property.
A reviewing court should not reverse a commission conclusion as to the existence or absence of cause for dismissal unless the decision is arbitrary, capricious, or an abuse of the commission’s discretion. Jones v. Louisiana Department of Highways, 259 La. 329, 250 So.2d 356 (1971). We do not find that the decision of the Commission was arbitrary, capricious, nor an abuse of discretion. The Commission reasoned:
[t]he Appellant did not leave his domicile voluntarily. A judge ordered him from his domicile. At the time of his termination, he was still attempting to regain possession of his domicile in a divorce proceeding, and had not established a new permanent domicile. Further, once the 14Appellant learned that the Appointing Authority held a different view of his circumstances, he immediately complied with the Policy rather than challenge the Appointing Authority’s interpretation of the policy.
Under theses circumstances, the Appointing Authority has failed to establish that the Appellant knowingly violated the City’s domicile policy. (Emphasis added)
The significant factor to consider in this instance is that Mr. Danforth had not abandoned his domicile. Technically, his domicile was still at the Glenmeade Court location, although temporarily residing elsewhere, pending a resolution of the partition of property. Further, once Mr. Danforth was notified of his potential violation, he immediately remedied the situation by establishing a domicile in Orleans Parish, becoming compliant with the ordinance. Therefore, we do not find that the Commission acted arbitrarily, capriciously, nor abused its discretion in reversing the Appointing Authority’s decision to terminate Mr. Danforth.
The second issue raised by the Department is whether termination of employment is the appropriate penalty for *653 violation of the Domicile Ordinance. The Department argues that the power to adopt rules imposing domiciliary or residency requirements on municipal employees falls within the power of the municipal governing authority and does not fall within the commission’s power to adopt rules regulating the suspension and removal of public employees. New Orleans Firefighters Association Local 632, AFL-CIO v. City of New Orleans, 590 So.2d 1172, 1176 (La.1991). The Department further argues that the Domicile Ordinance was not only applicable to initial employment, but to continued employment as well, and that said requirement was rationally related to legitimate governmental interests. Police Association of New Orleans v. City of New Orleans, 649 So.2d 951 (La.1995). Pursuant to Aldor v. New Orleans Fire Department, 2001-0439 (La.App. 4 Cir. 11/21/01), 803 So.2d 112, the Department avers that the Domicile Ordinance mandates termination for an employee’s failure to establish and maintain his ‘actual domicile’ in New Orleans.
Mr. Danforth agrees that continued employment falls within the purview of the Domicile Ordinance; however, he argues that mandatory termination is only applicable when the employee refuses to change his living arrangements once notified of the Appointing Authority’s objection. Mr. Danforth argues that there is no indication that Mr. Aldor attempted to remedy his domicile situation once notified of the potential violation; however, Mr. Danforth immediately rectified his domicile situation upon notification that he was in violation of the Domicile Ordinance and prior to his termination. We agree.
In reviewing the commission’s exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, this Court should not modify the commission’s order unless it is arbitrary, capricious or characterized by abuse of discretion. Walters [v. Department of Police of City of New Orleans ], 454 So.2d [106,] 114 [(La.1984)]. “Arbitrary or capricious” means that there is no rational basis for the action taken by the Commission. Bannister v. Department of Streets, 95-0404, p. 8 (La.1/16/96), 666 So.2d 641, 647.
The Commission has the authority to “hear and decide” disciplinary cases, which includes the authority to modify (reduce) as well as to reverse or affirm a penalty. La. Const, art. X, § 12; Branighan v. Department of Police, 362 So.2d 1221, 1223 (La.App. 4 Cir.1978).
Aldor v. New Orleans Fire Department, 2001-0439, p. 8 (La.App. 4 Cir. 11/21/01), 803 So.2d 112, 117.
The Domicile Ordinance provides that a “[k]nowing failure to comply with any of the provisions of this article by officers and employees of the city shall be cause for dismissal or other disciplinary actions.” New Orleans Code, Article X, 2-978; New Orleans Firefighters Association Local 632, AFL-CIO v. City of New Orleans, 590 So.2d 1172, 1174 (La.1991). Based on a close reading of the ordinance, I find that Aldor stands for the proposition that termination is the only remedy allowable for any violation of the Domicile Ordinance. I would reverse our prior decision in Aldor for the limited purpose of establishing that there are multiple disciplinary actions, which may be appropriate for violation of the Domicile Ordinance. However, the majority of the panel finds that Aldor notes that one cannot remain employed by the City of New Orleans where the employee has failed or refused to cure the violation, and that this is distinguishable from the matter sub judice based on whether there exists a knowing *654 violation. The majority further finds that absent a knowing violation, no disciplinary action is appropriate and, therefore, no issue is presented in this case as to the severity of the punishment. Thus, the majority finds that Aldor does not have to be addressed. The entire panel agrees that a violation of the Domicile Ordinance is a sufficient basis for dismissal; however, termination is not mandatory. The language “other disciplinary actions” further indicates that alternative penalties are permissive. Therefore, the Commission’s finding that the penalty was not commensurate with the infraction is neither arbitrary nor capricious. Further, in light of the particular circumstances of this case that Mr. Danforth did not intend to abandon his Glenmeade Court domicile, and upon notification of his potential violation, he established a New Orleans domicile prior to his termination.
The final issue raised by the Department in the two subsequent, consolidated appeals is whether the Commission erred in determining that the Appointing Authority has no right to a suspensive appeal from Commission decisions. The Department argues that the Louisiana Code of Civil Procedure governs appeals |7from judicial decisions by the Commission because the Louisiana Administrative Procedure Act does not provide a method for such an appeal. Specifically, the Department avers that La. C.C.P. art. 2121 et seq. grants the Department the right to a suspensive appeal. Further, the Department argues that absent a suspensive appeal, recoupment of excess wages and benefits would be problematic in the event the Commission’s decision is reversed.
Mr. Danforth argues that Rule II, Section 11.1[1], of the Rules of the Civil Service Commission for the City of New Orleans prohibits suspensive appeals in civil service decisions. Rule II, Section 11.1 states that:
[i]n all appeals to the Commission under these Rules wherein a final judgment has been rendered by either the Commission, the Court of Appeal, Fourth Circuit, or the Louisiana State Supreme Court, immediate steps shall be taken by the City to fully comply with the judgment. This restoration shall include, where appropriate, reimbursement for all back wages and emoluments due and accrued annual and/or sick leave, less an offset for any wages earned during the period for which back pay was restored.
Therefore, a granting of a suspensive appeal contradicts this rule requiring immediate compliance with its order. Additionally, Mr. Danforth argues that the posting of security is required in order to be granted a suspensive appeal under the Louisiana Code of Civil Procedures, and that the Department has not attempted to post the requisite security. Finallly, Mr. Danforth avers that Rule 3-1.4 of the Uniform Rules, Courts of Appeal allows an administrative body or Court of Appeal to grant a stay pending decisions only in matters expressly provided by law, which no such authority was granted in this case. We agree.
IsContrary to the Department’s argument, the Rules of the Civil Service Commission specifically addresses this issue; therefore, there is no need to discuss whether the Code of Civil Procedure prevails in this issue. Section 11.1 of Rule II clearly prohibits the use of suspensive appeals from Commission decisions, and demands immediate departmental compliance with final decisions by the Commis *655 sion. Thus, suspension of enforcement of the judgment cannot be permitted. Furthermore, the Department seeks to have us narrowly view the matter sub judice and focus on one scenario, namely, the hardships the Department faces if it should pay the employee and have to recoup wages and benefits in the case of reversal. However, the Department does not address the hardships that the employee endures when they may be unjustly unemployed and are awaiting reinstatement by the Commission or Court of Appeal. Immediate compliance is certain to be difficult for one of the parties regardless of which party has to comply first.
Decree
For the reasons stated herein, the judgments dated January 7, 2002, and June 24, 2002 of the Civil Service Commission are hereby affirmed. All costs are assessed to the City of New Orleans Department of Public Works.

AFFIRMED.

ARMSTRONG, J., concurs in the result.
GORBATY, J., concurs for the reasons assigned by J. ARMSTRONG.

. In brief, Mr. Danforth’s counsel erroneously cites section 10.1, but correctly quotes section 11.1 of the Rules of the Civil Service Commission for the City of New Orleans.