942 So.2d 1171 (2006)
John JACKSON
v.
DEPARTMENT OF POLICE.
No. 2006-CA-0347.
Court of Appeal of Louisiana, Fourth Circuit.
October 11, 2006.
*1172 Craig P. Hart, Raymond C. Burkart III, Law Office of Craig P. Hart, Inc., Covington, LA, for Plaintiff/Appellant.
Penya M. Moses-Fields, City Attorney, James B. Mullaly, Assistant City Attorney, Joseph V. DiRosa, Jr., Chief Deputy City Attorney, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge DENNIS R. BAGNERIS, Sr., Judge MICHAEL E. KIRBY, and Judge ROLAND L. BELSOME).
DENNIS R. BAGNERIS, Sr., Judge.
John Jackson appeals the decision of the Civil Service Commission (CSC) transferring him from the Public Integrity Bureau (PIB) resulting in a ten percent pay reduction. For the reasons to follow, we affirm the decision of the CSC.
Lt. Jackson is a white police officer who has been with the Police Department for *1173 over thirty-five years. The PIB Commander, Lonnie Swain, an African American male, selected Lt. Jackson to serve in the PIB. The PIB department is required to investigate fellow police officers whom have complaints filed against them. The police officers working in the PIB receive a ten percent pay rise and the use of an unmarked car. Lt. Jackson has been with the PIB since 1991.
Lt. Jackson was accused of engaging in race discrimination and other biased behavior and was transferred to another department resulting in a ten percent reduction in pay. Lt. Jackson was transferred by Com. Swain and replaced by an African-American female officer. After being transferred, Lt. Jackson confronted Com. Swain about his decision and recorded the conversation without Com. Swain's knowledge. The recording had no effect on the CSC's decision nor does it serve a purpose on appeal.
Lt. Jackson appealed to the CSC arguing that there was no reason to transfer him and that the decision was purely racial. He further argues that the action of being transferred was an unfair "disciplinary" action. It is from this decision that Lt. Jackson appeals to this Court.
Although Lt. Jackson offers three assignments of error and three additional issues for this Court to review, we find that the sole issue in front of us is whether the CSC erred in denying Lt. Jackson's appeal. In discussing this issue we will address the pertinent arguments presented by Lt. Jackson.
The Civil Service Commission has a duty to decide independently from the facts presented whether the appointing authority has a good or lawful cause for taking disciplinary action[1] and, if so, whether punishment imposed is commensurate with the dereliction. Walters v. Department of Police of New Orleans, 454 So.2d 106, 113 (La.1984). The appointing authority has the burden of proving by the preponderance of the evidence the occurrence of the complained of activity and that the conduct complained of impaired the efficiency of the public service. Cittadino v. Department of Police, 558 So.2d 1311, 1315 (La.App. 4 Cir.1990). In reviewing the decisions of a Civil Service Commission, a reviewing court should not reverse a Commission conclusion as to the existence or absence of cause for dismissal, unless the decision is arbitrary, capricious or an abuse of the Commission's discretion. Jones v. Louisiana Department of Highways, 259 La. 329, 338, 250 So.2d 356, 359 (1971). In civil service disciplinary cases, an appellate court is presented with a multifaceted review function. First, as in other civil matters, deference will be given to the factual conclusion of the Commission. Hence, in deciding whether to affirm the Commission's factual finding, a reviewing court should apply the clearly wrong or manifest error rule prescribed generally for appellate review. Walters, 454 So.2d at 114.
Second, in evaluating the Commission's determination as to whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, this Court should not modify the Commission's order unless it is arbitrary, capricious or characterized by an *1174 abuse of discretion. Id. "Arbitrary or capricious" means that there is no rational basis for the action taken by the Commission. Bannister v. Department of Streets, 95-0404, p. 8 (La.1/16/96), 666 So.2d 641, 647; Whitaker v. New Orleans Police Dept. XXXX-XXXX, p. 3 (La.App. 4 Cir 9/17/2003) 863 So.2d 572, 575.
Lt. Jackson argues that the transfer out of the department with the decrease in salary constitutes a disciplinary action and that he was disciplined without cause. He contends that the investigation conducted by Com. Swain violated the administrative procedures his bureau is supposed to follow. Those procedures include documenting the complaint, interviewing the complaining parties, conducting a formal investigation and forwarding an investigation package to the Superintendent of Police. The Appellee, the Department of Police, argues that Lt. Jackson erroneously relies on Noya v. Dep't of Fire, City of New Orleans, 609 So.2d 827 (La.1992), wherein firefighters appealed the ruling of the City Civil Service Commission, which maintained an exception of no cause of action with respect to their claim of retaliatory transfer. This court affirmed, certiorari was granted and the Supreme Court reversed, remanded, and denied rehearing. On remand, the Civil Service Commission found no cause of action and once again an appeal was taken. We held that the firefighters established retaliatory transfer based on showing that city reinstated them under duress of the Civil Service Commission's order, only to transfer them, without reason, less than one month later, to less prestigious and less remunerative job duties.
In the instant case, the CSC specifically states that "[o]rdinarily a transfer of an officer to a different unit does not constitute discipline and is not subject to appeal to the Civil Service Commission. But in this case Appellant has alleged racial discrimination which gives him the right to appeal."
Legal cause exists whenever an employee's conduct impairs the efficiency of the public service in which the employee is engaged. Fisher v. Dep't of Health and Human Resources, Office of Human Dev., 517 So.2d 318, 320 (La.App. 1 Cir.1987). The appointing authority has the burden of proving the impairment. La. const. Art. X, § 8(A); Neustadter v. Sewerage and Water Board of New Orleans, 544 So.2d 1289, 1290 (La.App. 4 Cir.1989). The appointing authority must prove by a preponderance of the evidence the occurrence of the complained of activity and prove that the conduct complained of impaired the efficiency of the public service and that it bears a real and substantial relationship to the efficient operation of the public service. Newkirk v. Sewerage and Water Board, 485 So.2d 626, 627 (La.App. 4 Cir. 1986), writ denied, 489 So.2d 920 (La. 1986). The burden of proof is less in a Civil Service Commission hearing than in a criminal proceeding. Although the facts must be clearly established, they need not be established beyond a reasonable doubt as in a criminal trial. Lombas v. Dep't of Police, 467 So.2d 1273, 1277 (La.App. 4 Cir.1985); Herbert v. Dep't of Police, 362 So.2d 1190, 1191 (La.App. 4 Cir.1978); Cittadino v. Dep't of Police 558 So.2d 1311, 1315 (La.App. 4 Cir.1990).
This case is distinguishable from Noya v. Dep't of Fire, City of New Orleans. We cannot conclude that the CSC was clearly wrong in upholding the decision of the Appointing Authority to transfer *1175 Lt. Jackson to another department. Nor can this Court conclude that Lt. Jackson's transfer was a disciplinary action just because his pay was reduced.
Lt. Jackson offers a convoluted insight into why his transfer was a disciplinary action, his argument lacks cohesiveness and he fails to present an organized line of reasoning that we can intelligibly address. The mere citing of law without a legal analysis is not enough. Lt. Jackson took the CSC's conclusion that "perhaps he (Lt. Jackson) should have been allowed a better opportunity to investigate rumors" and created the argument that the proper procedures were not adhered to. We find that this argument lacks merit.
On appeal to the CSC, Lt. Jackson argues that his transfer was racially motivated and claims racial discrimination. Lt. Jackson has the burden of proving his claim. The record contains testimony by different police personnel, including Com. Swain. Com. Swain testified that at least three people came to him to complain that Lt. Jackson showed a preference when assigning duties, that "he was biased in his assignment of call-out duties, and also the concerns as relates [sic] to the content of the conversation that he was engaged in, which they considered to be racial in tone."
Com. Swaim further testified that an African American officer in the PIB overheard Lt. Jackson state that "the Department needs more people like us" concluding that Lt. Jackson meant Caucasian people. The CSC's findings best support the conclusion that Lt. Jackson's transfer had nothing to do with his race. Com. Swain explained, and the CSC quoted his testimony that, "[t]his is a, should be, a professional work setting, I don't need individuals engaging in that sort of conversation where obviously it's going to create undertones of whatever it may be. I have individuals who are obviously upset now, based on the fact of a conversation that he's involved. What his intentions were, what exactly did he mean, I don't have a clue. But bottom line is, it's inappropriate, it's created a problem, I have to resolve it. Simple as that."
As to the use of the word "us" by Lt. Jackson he explained that "[I]'m talking about people who, like myself, like the job and want to do the best that they can on the job. So, I use it all the time, it's just `us' is a fairly common word." Lt. Jackson failed to prove to the CSC that Com. Swain transferred him out of PIB because of his race. It is evident that the comments Lt. Jackson made were construed by some to be racially motivated, however the record reveals that this was not the sole purpose of his transfer. Where there is a sufficient basis for the imposition of the disciplinary action, the Civil Service Commission may not substitute its judgment of what the proper penalty should be for the penalty imposed by the appointing authority based on what the Civil Service Commission perceives to be mitigating factors. Shepack v. New Orleans Police Dept. XXXX-XXXX (La. App.4Cir.5/16/2001); 791 So.2d 733, 736.
Lt. Jackson failed to meet his burden of proof upon appealing to the CSC. Once again, he failed to offer this Court a legal argument to support this instant appeal.

Decree
For the reasons above we affirm the decision of the Civil Service Commission.
AFFIRMED.
NOTES
[1] The use of the term "disciplinary action" throughout this opinion does not suggest that Lt. Jackson was indeed disciplined by Com. Swain. The corresponding case law uses this term because the cases dealing with an appeal to the CSC are a result of a disciplinary action having been taken against an employee. The law applies in the instant case because Lt. Jackson was able to appeal to the CSC because he alleges discrimination.