TOBIAS, J.,
Concurs and Assigns Reasons.
LAs this court stated in Stevens v. Dept. of Police, 00-1682, p. 8 (La.App. 4 Cir. 5/9/01), 789 So.2d 622, 627:
The public puts its trust in the police department as a guardian of its safety, and it is essential that the appointing authority be allowed to establish and enforce appropriate standards of conduct for its employees sworn to uphold that trust. Newman [v. Department of Fire, 425 So.2d 753 (La.1983) ].... Indeed, the [Civil Service] Commission should give heightened regard to the appointing authorities that serve as special guardians of the public’s safety and operate as quasi-military institutions where strict discipline is imperative.
This standard has been followed by this court consistently, with infrequent deviation, since its enunciation.

OFFICER RIGNEY’S DISCIPLINE

La. R.S. 14:34.1 in pertinent part defines second degree battery as follows:
Second degree battery is a battery committed without the consent of the victim when the offender intentionally inflicts serious bodily injury.
For purposes of this article, serious bodily injury means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death.
[2I do not find that the record supports that Officer Rigney committed the crime of second degree battery because Mr. Coleman did not become unconscious, suffer “extreme physical pain, protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death.” However, the record does support and DVR of the incident confirms to the eyes of a trained police officer such as the chief of police that Officer Rigney used excessive force against Mr. Coleman under the circumstances. Discipline was in order. Neither the appointing authority nor the Commission exceeded the authority or discretion given them in penalizing Officer Rigney as they did.

SERGEANT SCHNAPP’S DISCIPLINE

Neglect of Duty, as embodied in Rule 4 regulating the conduct of New Orleans police officers, states:
A. Each employee, because of his grade and assignment, is required to perform certain duties and assume certain responsibilities. An employee’s failure to properly function in either or both of these areas constitutes a neglect of duty,
B. An employee with supervisory responsibility shall be in neglect of duty whenever he fails to properly supervise subordinates, or when his actions in matters relating to discipline fail to conform with the die- *866 tates of Departmental Rules and Procedures.
La. R.S. 14:132, relative to injuring public records, reads in pertinent part:
A. First degree injuring public records is the intentional removal, mutilation, destruction, alteration, falsification, or concealment of any record, document, or other thing, filed or deposited, by authority of law, in any public office or with any public officer.
B. Second degree injuring public records is the intentional removal, mutilation, destruction, alteration, falsification, or concealment of any record, document, or other thing, defined as a public record pursuant to R.S. 44:1 et seq. and required to be preserved in any public office or by any person or public officer pursuant to R.S. 44:36.
IsWhereas I agree with the majority that the record on appeal does establish that Sergeant Schnapp did neglect his duties, was appropriately cited for disciplinary action, and should be punished for his offense, I find the record contains insufficient evidence that Sergeant Schnapp committed the crime of injuring public records that is implicit in the appointing authority’s and Commission’s decision.
Sergeant Schnapp did not append to his report of the incident involving Mr. Coleman the Use of Force/Resisting Arrest form mandated by the regulations. Such omission, whether intentional or not, fails to rise to the level of a violation of La. R.S. 14:132 as written by the legislature. The omission may have resulted in an incomplete and inaccurate report, but it does not rise to the criminal level of falsification in my view because falsification implies affirmatively stating something that is not true, not telling a partial truth. Per the statute, Sergeant Schnapp did not conceal any “record, document or other thing” because by implication the statute requires that the concealment must take place after a record, document, or other thing has been deposited with the appropriate authority.
Nevertheless, discharge of a police officer for neglect of duty is within the ambit of the regulations. (See Thompson v. New Orleans Police Dept., 02-1804, p. 1 (La.App. 4 Cir. 4/1/03), 844 So.2d 940, 942 (Tobias, J., concurring), referencing Chapter 26.2 of the disciplinary guidelines of the New Orleans Police Department.)
I therefore respectfully concur in the decision of the majority.