EDWIN A. LOMBARD, Judge. ■
liThe Department of Public Works appeals the decision of the Civil Service Commission reducing the suspension imposed by the defendant upon its employee, Jerome Alexander. After review of the record in light of the applicable law and the defendant’s arguments,[1] we affirm the judgment of the Civil Service Commission.

Relevant Facts and Procedural History

Jerome Alexander was and is employed by the City of New Orleans Department of Public Works (“the Department of Public Works”) as an auto, facilities specialist with permanent status. He received a five day suspension for allegedly violating the Department of Public Works’ (the “appointing authority” in this case) internal regula-tiohs concerning maintaining standards of service, • following orders, and operating .tow. equipment. Mr. Alexander’s suspension was based upon the Department of Public Works, finding that Mr. Alexander’s work performance was unsatisfactory on three separate occasions. These alleged unsatisfactory, performances .occurred on: (1) September 15, 2009, when it was discovered that Mr. Alexander had failed to charge his department issued cell |aphone and notify his supervisor of said failure in direct violation of the tow unit’s daily operating procedures; (2) October 7, 2009, when Mr. Alexander negligently operated his tow truck, causing damage to the vehicle he was attempting to tow; and (3) October 20, 2009, when Mr. Alexander operated his tow truck in a reckless manner, causing a citizen to jump out of the way to avoid being struck.
Mr. Alexander appealed his five day suspension to the Civil Service Commission for the 'City of New Orleans. At the hearing on August 17, 2015, testimony was *778 taken from: Alfred Coleman, the overall field supervisor at the time of the alleged incidents; Alton Jones, an Auto Facility-Supervisor assigned to the tow yard on Claiborne Avenue; Desmond Henderson, an Auto Facility Supervisor One; Jorge Hernandez, a management analyst who participated in the investigation of the October 20, 2009 incident; and Mr. Alexander.
Mr. Coleman testified that the department had prior problems with Mr. Alexander’s driving abilities in the past and that he had been numerous warnings concerning these issues. Regarding the Septem: ber 15, 2009 incident, Mr. Coleman testified that department policy required all drivers to make certain that their department issued cell phones were charged when they arrived at work and to notify their supervisor if there were any problems. The phones were used to input information on the vehicle being towed and were also equipped with a GPS. On September 15, 2009, in direct violation of department policy, Mr. Alexander started his tour of duty without a properly charged cell phone and failed to notify his supervisor "that he had a problem with the phone. Mr. Coleman also testified |sthat Mr. Alexander damaged a vehicle on October 7, 2009, when he backing into it with the tow truck. Finally, Mr. Coleman related that a citizen reported that Mr. Alexander nearly struck him with the tow truck.
Mr. Jones, whose responsibilities included making sure that all of the communication equipment in the department functioned properly and was being properly maintained, testified that in monitoring the equipment on September 15, 2009, he noticed that Mr. Alexander’s phone was not tracking. Upon further investigation, Mr. Alexander admitted to Mr. Jones that he had not charged his phone and had failed to notify his supervisor of this fact.
Mr. Henderson testified (pertinent to the October 7, 2009, incident) that he came to work that day and was confronted by a citizen who wanted to make a claim for damage to his vehicle caused by Mr. Alexander. Mr. Henderson inspected the car and could see where the boom of the tow truck hit under the carriage of the car. Mr. Henderson further testified that when he asked Mr. Alexander about the incident, Mr. Alexander admitted, that when he backed up the tow truck, the street was uneven and caused the boom to go up into the bumper of the car and damage it. Mr. Henderson approved the citizen’s damage claim.
Mr. .Alexander did not dispute that his phone was not sufficiently charged on September 15, 2009. He also did not dispute that he failed to notify a supervisor of the problem. With regard to the October 7, 2009 incident, Mr.. Alexander likewise-did not dispute that he backed the boom of his tow truck into the vehicle to be towed, causing damage. Regarding the October 20, 2009 incident, Mr. Alexander | testified that he saw the vehicle in violation, and wrote the citation. As he began to unfold the , boom and lower the boom, the owner ran put of the store and jumped on the back of the tow truck. After he yelled at the owner to get off of the boom, the owner got off the boom and jumped inside of the vehicle after it had already been secured. Mr. Alexander further testified that the incident was witnessed by two police officers who asked to see the citation, and after verifying it, told him to proceed with the tow. Mr. Alexander was not cited by the New Orleans Police Department for reckless driving, nor any other offense.
On August 17, 2015, the Civil Service Commission granted in part and denied in part Mr. Alexander’s appeal. The Commission found that the Department of Pub- *779 lie Works established by a preponderance of the evidence -that Mr. Alexander failed to properly maintain his cell phone -.oh September 15, 2009, and failed to notify his supervisor of this fact in violation of departmental policy. It further found that such conduct impaired the efficient operation of the Department of Public Works. Likewise, the Commission found that the Department of Public Works established by a preponderance of the evidence that Mr. Alexander caused the accident on October 2, 2009, which resulted in- damage to a citizen’s car. However, the Commission found that the Department of Public Works failed to establish by a preponderance of the evidence that Mr. Alexander drove recklessly or inappropriately on October 20, 2009. Based on its findings, the Commission'reduced Mr. Alexander’s suspension to one day and ordered the Department of Public Works to return four days, of back pay and emoluments of ^employment to him. It is from this judgment that the Department of Public Works now appeals.

Discussion

On appeal, the Department of Public Works raises the following assignments of error; (1) the Civil Service Commission ruling was arbitrary and capricious; (2) the Civil Service Commission erred in failing to properly consider the testimony ' and evidence submitted at the Civil Service hearing; 3) the Civil Service Commission erred in failing to properly apply the law to the facts, testimony, and evidence presented in this matter; (4) the Civil Service Commission erred in disallowing any discipline, for the accident' which they acknowledged that Mr. Alexander caused on October 7, 2009;- (5) the.Civil Service Commission erred in disallowing any discipline for the , October 7, 2009, accident even though the Commission found that the appointing authority met its burden of proof by a preponderance of the evidence that Mr. Alexander had caused the accident and that his violation impaired the efficient operation of the department; (6) the Civil Service Commission erred in failing to find that the appointing authority established cause to discipline Mr. Alexander for the incident that occurred on October 20, 2009; (7) the Civil Service Commission erred in rescinding four of the five suspension days imposed; (8) the Civil Service Commission erred in failing to find that the discipline imposed was commensurate with the offense(s); (9) the Civil Service Commission erred in rendering a ruling without a full hearing pursuant to Civil Service Rule II, Section 4.14, because there is no signed hearing |fiexaminer’s report in the record dated prior, to the Commission’s August 17, 2015 ruling; and (10) the Civil Service Commission erred in allowing the hearing examiner to draft their ruling, in violation of Civil Service Rule II, Section 12.12, which requires the employee member of the Commission to write the opinion.
The appellate standard, of review in civil service cases is articulated in Banks v. New Orleans Police Dep’t, 2001-0859, p. 3 (La.App. 4 Cir. 9/25/02), 829 So.2d 511, 513-14, as follows: (1) the appellate review of factual findings is governed by the manifest error , or clearly erroneous standard; (2) if the Commission’s decision involves jurisdiction, procedure, and interpretation of laws or regulations, judicial review is- not limited to the arbitrary, capricious, or abuse of discretion standard; rather, the appellate court exercises its constitutional duty-to review questions of law and render a judgment on the record: (3) a legal error occurs when a trial court applies the incorrect principles of law and such errors are prejudicial; and (4) mixed questions of fact' and law are accorded “great deference” under the manifest error standard of review.
*780 Accordingly, the Commission’s conclusion as to the existence or absence of cause for discipline will only be reversed when its decision is arbitrary, capricious or an abuse of the Commission’s discretion. See Jones v. La. Dep’t of Highways, 259 La. 329, 250 So.2d 356, 359 (1971); see also Whitaker v. New Orleans Police Dep’t., 2003-0512, p. 5 (La.App. 4 Cir. 9/17/03), 863 So.2d 572, 575 citing Bannister v. Dep’t. of Streets, 95-0404 (La.1/16/96), 666 So.2d 641, 647 (arbitrary or capricious means there is no rational basis underlying the action taken by the Commission).

Assignments of Error 1-8

|7We consider the Department of Public Works first eight assignments of error together as the main tenet the appellate argument is that .the Commission erred in reducing its determination as to the appropriate punishment. Specifically, the Department of Public Works challenges the Commission’s decision to reduce Mr. Alexander’s five day suspension to a one day suspension as incongruent with its decision that Mr.- Alexander was guilty of two of the three acts upon which Department of Public Works imposed the five-day suspension.
■First, after review of the record we do not find that the Commission was manifestly erroneous in- finding that the defendant failed to establish by a preponderance of the evidence that Mr. Alexander “drove recklessly or in any manner inappropriately on October 20, 2009. This finding that Mr. Alexander could, only be disciplined for two of the original three offenses upon which the Department of Public Works imposed - the five day -suspension creates, as observed by the Commission, “a conundrum vis-a-vis- the modification of the discipline rendered in this case.” See Walters v. Department of Police of the City. of New Orleans, 454 So.2d 106 (La.1984) (in addition to determining whether the Appointing Authority had good or lawful cause for disciplinary action, the Commission must also determine whether suspension is commensurate with the offense). In concluding that that a one-day suspension was appropriate under the circumstances (and record) of this case, the Commission reasoned as follows:
As the disciplinary letter and testimony established, this appeal arises out of three separate investigations that were consolidate, and which resulted in a total of a five day suspension; However, the Appointing Authority did not present evidence as to the breakdown of the five day suspension — namely, which of the five days for which the Appellant was suspended corresponded to each of the three enumerated violations. Nor did the Appointing Authority present evidence as to why the punishment was commensurate with each enumerated offense. . The Appointing Authority presented no evidence 1 «regarding any penalty schedule maintained by the Department, nor any other evidence used for determining the appropriate penalty for each enumerated offense. [Footnote: While the Appointing Authority suggested in the disciplinary letter that the discipline imposed was based upon its Progressive Discipline Policy, it offered no evidence in this regard whatsoever.] However, the Appointing Authority did present testimony of Mr. Coleman and Mr. Allen who testified that pursuant to the policy governing the charging of cell phones, an employee found in violation of said policy would face a one-day suspension. The Appellant stipulated to having full knowledge of this policy.
Accordingly, based upon the fact that the Appointing Authority was able to prove that the Appellant failed to charge his cell phone and report said failure to his supervisory; for which said failure, based upon undisputed testimony, was punishable by a one day. suspension, and *781 based further on the fact that there exists no record evidence upon which to determine the appropriateness of any - other penalty, the Appointing Authority is ordered to return to the Appellant four days of back pay and emoluments of employment.
Accordingly, although Mr. Alexander could be disciplined for two of the three acts upon which the Department of Works imposed the five-day suspension, there is only evidence in the record to support the appropriateness of the one-day suspension for Mr. Alexander’s failure to maintain his cell phone. Without evidence from the Department of Public Works as to a penalty schedule, department guidelines for imposition of penalties based on potential offenses, or even a review of penalties previously imposed for enumerated offenses, calculation of an appropriate penalty for the second offense in this case (causing damage to a citizen’s vehicle on October 2, 2009) would necessarily require the Commission to make an arbitrary decision on its own as to the appropriate punishment. Similarly, to affirm the judgment of the Commission but amend the judgment to reflect a penalty for the second offense would necessarily require this court to arbitrarily devise its own penalty scheme for implementation in this case. Therefore, on the record before us; we do not find that the Commission’s determination was manifestly erroneous.
|flWith regard to the Department of Public Works’ ninth and tenth assignments of error, they are of no consequence. Ultimately, the Commission did have a hearing examiner’s report as is evinced by its inclusion in the record. Also, having dealt with numerous civil service cases in the past, this Court notes that the Commission’s judgment and the hearing examiner’s report are' often nearly identical. Therefore, we find no error regarding these assignments of error.
For the above and forgoing reasons, we affirm the judgment of the Civil Service Commission.
AFFIRMED.
McKAY, C.J., dissents.
BONIN, J., dissents in part with reasons.

. No appellate brief was filed on behalf of the plaintiff/appellee. •