**ARTHUR WOODS**

**VERSUS**

**SEWERAGE & WATER
BOARD OF NEW ORLEANS**

\* \* \* \* \* \* \*

* NO. 2022-CA-0373
*
* COURT OF APPEAL
*
* FOURTH CIRCUIT
*
* STATE OF LOUISIANA

APPEAL FROM
CITY CIVIL SERVICE COMMISSION ORLEANS
NO. 9336
\* \* \* \* \* \*
**Judge Roland L. Belsome**
\* \* \* \* \* \*
(Court composed of Judge Roland L. Belsome, Judge Rosemary Ledet, Judge
Paula A. Brown)


Arthur Woods
P.O. BOX 820477
New Orleans, LA 70182


COUNSEL FOR PLAINTIFF/APPELLANT


Ashley Ian Smith
Darryl Harrison
Yolanda Grinstead
SEWERAGE AND WATER BOARD OF NEW ORLEANS
625 St. Joseph Street, Room 201
New Orleans, LA 70165


COUNSEL FOR DEFENDANT/APPELLEE


**AFFIRMED
NOVEMBER 16, 2022**

Appellant, Mr. Arthur Woods, appeals the decision of the Civil Service Commission ("the Commission"), which granted the Sewerage and Water Board of New Orleans ("S&WB")'s Motion for Summary Disposition, dismissing his appeal. For the reasons that follow, this Court affirms.

## FACTUAL AND PROCEDURAL BACKGROUND

Mr. Woods was hired by S&WB on July 23, 2018, and worked in the Utility Maintenance Division as a permanent employee, specifically as a technician in the In-Plant Systems Department (the "Electric Shop"). On October 19, 2021, Mr. Woods was placed on emergency suspension. In accordance with Civil Service Rule IX, 1.3,[1] on October 25, 2021, S&WB sent Mr. Woods written notice, which described the reasons for Mr. Woods' suspension, in relevant part, as follows:

> On October 19, 2021, while on the SWBNO's Carrollton Water Plant (CWP), you entered an Electric Shop's supervisors' office and instigated a verbal altercation with your immediate Supervisor and your Department Head.

---

[1] "In every case of termination, suspension, reduction in pay, letter of reprimand, or fine of any employee in the classified service … within five (5) working days of the effective date of the action, the appointing authority shall furnish the employee and the Personnel Director a statement in writing of the reasons therefore." Rule IX, Section 1.3 of the Rules of the Civil Service Commission for the City of New Orleans.

1

The incident was documented by department personnel after its occurrence. You also documented the incident via digital recording and posted the video on social media.

Per the documentation and the video of the incident, you were discourteous to your supervisors and refused to follow their reasonable directives.

Specifically, you identified your supervisors by their full names, accused them of disparate treatment, and then labeled them as "racists" with the apparent intent to publicly shame and embarrass them, and to damage their reputations.

You refused to vacate their office when directed to do so. Due to your conduct, security personnel were contacted, and you were removed from the CWP.

. . . .

Be advised that you may have the right to appeal this corrective action to the Civil Service Commission. Civil Service Rules indicate that you must exercise this right within thirty (30) calendar days of the effective date of the action described in this letter.

Mr. Woods appealed his suspension with the Civil Service Commission, alleging whistleblower discrimination. Mr. Woods' appeal was docketed by the Commission, bearing Docket No. 9336, and was set for a hearing before a Hearing Examiner appointed by the Commission. However, prior to the hearing, S&WB filed a Motion for Summary Disposition, arguing that Mr. Woods' appeal was untimely. The Commission granted S&WB's motion on March 7, 2022, and dismissed Mr. Woods' appeal. Mr. Woods' appeal to this Court followed. [2]

---

[2] Only the Commission's March 7, 2022 dismissal (of Mr. Woods' appeal relating to his October 19, 2022 suspension) is currently before this Court. Mr. Woods also filed an appeal with the Commission to seek review of a Letter of Reprimand which he received from S&WB on October 20, 2021, for conduct unrelated to his suspension. That appeal was not included in the Commission's March 7, 2022 dismissal. Likewise, it appears from the parties' briefs that Mr. Woods was terminated from S&WB on January 14, 2022, and that Mr. Woods timely appealed that action to the Commission. Though argued by Mr. Woods in his brief, both of those appeals are still pending with the Commission, and therefore are not currently before this Court.

2

## DISCUSSION

Employees who have gained permanent status in the classified city civil service can only be subjected to disciplinary action by their employer for cause expressed in writing. La. Const. art. X, Sec. 8(A). Further, such employees may appeal disciplinary actions taken against them by their employer through application to the Civil Service Commission. *Id.*; *also* Rule II, Section 4.1 of the Rules of the Civil Service Commission for the City of New Orleans. The right of appeal also exists for employees (regardless of whether they have attained permanent status or not) who have been "subjected to discipline or discriminatory treatment by an appointing authority because he or she gives information, testimony or evidence in a prudent manner to appropriate authorities concerning conduct prohibited by law or regulation which he or she reasonably believes to have been engaged in by any person(s)." Rule II, Section 10.1 of the Rules of the Civil Service Commission for the City of New Orleans.

However, the Rules of the Civil Service Commission – which have the effect of law pursuant to La. Const. art. X, Sec. 10(A)(4) – provide that:

> Appeals to the Commission must be actually received in the Department of Civil Service no later than the close of business on the thirtieth (30th) calendar day following the date of the disciplinary letter provided to the employee by the Appointing Authority … The date the appeal is date/time stamped in the Civil Service Office shall be presumed to be the date of receipt of an appeal.

Rule II, Section 4.3 of the Rules of the Civil Service Commission for the City of New Orleans. This thirty-day deadline also applies to appeals alleging discrimination. Rule II, Section 4.7 of the Rules of the Civil Service Commission for the City of New Orleans. Once the thirty-day deadline to file an appeal with the Commission has expired, disciplinary decisions – like court judgments – become

3

final and unappealable. *Walker v. New Orleans Police Dep't*, 1999-0693, p. 2 (La. App. 4 Cir. 10/4/00), 775 So. 2d 49, 50 (observing that "[the] purpose for the thirty-day deadline for the appeal is to bring about finality to a disciplinary decision."). Notably, the Rules of the Civil Service Commission do not provide an exception to the thirty-day deadline for good cause shown. This Court has found that even a one-day tardiness deprives the employee of the right of appeal, assuming they receive adequate notice. *Burrell v. Sewerage & Water Bd. of New Orleans*, 2006-0068 (La. App. 4 Cir. 6/14/06), 2006 WL 6912821, unpub. (affirming the Commission's dismissal of an appeal filed one day after the thirty-day deadline).

In the case *sub judice*, it is uncontested that Mr. Woods missed the thirty-day deadline. The disciplinary letter (providing written reasons for Mr. Woods' October 19, 2021 emergency suspension, as well as notice of his right to appeal and the time to do so) was sent to Mr. Woods on October 25, 2021, and Mr. Woods does not contest having received it. However, the record shows that Mr. Woods did not file his appeal with the Commission until December 1, 2021 – thirty-seven days from date of the letter.[3]

Rule II, Section 6 of the Rules of the Civil Service Commission for the City of New Orleans authorizes the Commission to dispose of an appeal through summary disposition for certain exclusive grounds, including "that the appeal has not been timely filed as required by Rule II, Section 4.3 or 4.7 of the Commission's Rules." Rule II, Section 6.1(d) of the Rules of the Civil Service

---

[3] Mr. Woods' "Employee Disclosure Information 'Whistle Blower' Appeal Form" is stamped as having been received by the Commission on December 1, 2021. Pursuant to Rule II, Section 4.3 of the Rules of the Civil Service Commission for the City of New Orleans, that date is "presumed to be the date of receipt of [the] appeal", and Mr. Woods has not presented evidence or made allegations rebutting that presumption.

Commission for the City of New Orleans. The Commission's decision to grant Summary Disposition is subject to a multifaceted standard of review. Findings of fact by the Commission are reviewed under the clearly wrong or manifest error standard, while decisions which involve jurisdiction, procedure, or the interpretation of laws or regulation are reviewed *de novo* for prejudicial legal error. *Alexander v. Dep't of Pub. Works*, 2015-1153, p. 6 (La. App. 4 Cir. 6/22/16), 197 So. 3d 776, 779. Considering the record in its entirety, this Court holds that the Commission was not clearly wrong or manifestly erroneous in finding that Mr. Woods' appeal was filed untimely, as the record clearly reflects that fact. Nor can this Court say that the Commission's decision to dispose of Mr. Woods' appeal through summary disposition was legal error, as an untimely appeal is one of the expressly enumerated grounds under the Commission's Rules which allow for summary disposition. Therefore, this Court affirms the Commission's decision.

**AFFIRMED**